Coombs v. Gorden.

———◆———

JOHN I. COOMBS *vs.* ELISHA GORDEN.

*Personal property — officer's sale of.*

A sale on *mesne process* of the personal property of a stranger to the process, conveys no title to the vendee; and the real owner may replevy it from the purchaser after it has come into his possession.

ON EXCEPTIONS.

REPLEVIN for two steers. Plea *non cepit*, and brief statement that the defendant purchased the steers at a public auction, held by a deputy-sheriff for this county, on a writ in favor of B. F. Butler against F. L. Wentworth.

All the proceedings relating to the sale were regular.

The presiding judge ruled, that the defendant acquired no title by virtue of the sale as against the plaintiff; and the defendant alleged exceptions.

*E. Kempton,* for the defendant, contended,

That the sale operated a legal transfer to the purchaser; that replevin will lie against the officer before the sale, and trespass and trover against him after the sale and delivery; but that replevin will not lie against the purchaser. 3 Dane's Ab. c. 77, Art. 11, § 5; Chit. Pl. 153, 169; 14 Mass. 491, 521; 8 Cranch 29, 30; 8 Johns.

333, 361.   That the cases in 8 Cush. 41, and 4 Gray, 311, are merely *dicta*.

In all the cases in Maine the action has invariably been trespass or trover against the officer, and not replevin against the purchaser.

Sheriffs' sales take the place of *markets overt* of the common law.

The sheriff is under bond, and can satisfy the real owner.

Counsel cited R. S. c. 96, § 8 ; c. 81, § 66.

*E. O. Bean*, for the plaintiff.

DANFORTH, J.   In this country *markets overt*, as established in England, have never been recognized as legal institutions.   Aside from these, here as everywhere, there is no principle of the common law by which any person's property can be taken from him for any other than a public purpose, excepting by his own consent, or by "due process of law."   By the constitution of our State this in substance is made a positive enactment.   The authority of a sheriff to sell property on execution is not a common-law power, but is given and regulated by the statute.

It is not, then, like a sale in *market overt*, nor can we apply to it the same reasoning.   No principle of law, no authority has been cited to show the ruling, complained of in this case, erroneous.   It may be safely assumed, then, that by the common law there is no cause of complaint.

We think there is just as little cause under any provisions of the statute.

Almost from time immemorial the statute has authorized the sale of a debtor's personal property on execution, and yet we find no case in which the doctrine contended for, that the sale of the property of a third person, against whom the execution does not run, conveys a good title, is sustained.   Many cases may be found in which it has been held, that a sale upon execution, will convey all the debtor's interest therein, though all the provisions of law in relation to such sale may not have been complied with.   But none go

any further, and even so far we find the cases conflicting, and all, to which our attention has been directed, hold that even the debtor's interest is not passed unless the officer is authorized to act by a legal precept. In *May* v. *Thomas*, 48 Me. 397, on a careful review of the authorities, it was held that the true rule, as adopted in this State, is that a sale " on judicial process," by an officer " authorized by law, and having an official jurisdiction over the proceedings, will transfer the debtor's title to a *bona fide* purchaser." By this it would seem that to convey the debtor's interest even, it is necessary that the officer should be " authorized by law, and have official jurisdiction over the proceedings." In conformity to this it was held in *Sanfason* v. *Martin*, 55 Maine, 110, that an insufficient precept did not enable the officer to convey the debtor's title. If the debtor's interest cannot be transferred without a legal precept, it would follow that the property of a third person could not be when the officer has no legal authority whatever to make the sale, and, of course, can have no " official jurisdiction over the proceedings." It is, however, assumed in the case at bar that the officer had a legal precept, and was therefore legally authorized to act. It may be true, that as against the debtor his process was sufficient, but as against the plaintiff in this case who was the owner of the property sold he had none whatever, nothing which gave or purported to give him any jurisdiction or authority over the property in question. Without jurisdiction over the subject-matter the acts of the officer were simply void, and could convey no rights to the purchaser. So in a sale of property exempt from attachment no title passes, because, although the execution may be legal, it is illegal for that purpose, and gives the officer no authority to make that sale. In *Williams* v. *Miller*, 16 Conn. 144, this precise question was raised, and it was held that " a sale on execution of property exempt from attachment, or belonging to a stranger to the process, conveys no title to the vendee." The same doctrine is recognized in *Bartholomew* v. *Warren*, 32 Conn. 102. So in *Jones* v. *Chitty*, 1 Burrow, 32, the same doctrine is enunciated. In the opinion it is said: " It is admitted that the vendee is not protected here,

Coombs *v.* Gorden.

because, at the time of the sale, the sheriff had no authority to sell." The want of authority resulted from the fact that at the time of the sale the debtor did not own the property. The same doctrine is laid down in *Buffum* v. *Drew*, 8 Cush. 41. In this respect, it is believed, no case can be found sustaining or suggesting any other principle. No provision of our statutes has been cited inconsistent with these decisions. On the other hand, a correct construction of them would seem to establish the same doctrines. R. S. c. 96, § 8, provides that all property, " unlawfully taken or detained " or " taken on execution," may be replevied. If the officer takes the property of a stranger to the process, this statute authorizes a replevin so long as he has it in possession.

After the possession is changed by the sale there is no longer occasion for replevin against him. But surely no language of this statute can be construed as giving the vendee any rights which the officer could not legally sell. Therefore the property in the hands of the purchaser is unlawfully detained, and as such liable to replevin within the words of the act.

It may be true that under the proceedings provided in c. 81, §§ 42 and 43, the claimant may, by delay, waive his right to the property. But in the case at bar no such proceedings appear, and we cannot assume their existence without proof. Besides, these provisions relate to property under mortgage or pledge, in which the debtor has or is supposed to have an attachable interest, and not to that to which the title of the claimant is absolute.

It may, perhaps, as suggested in the argument, be for the interest of both debtor and creditor that a sale, on execution, of property belonging to a stranger to the process, should convey a good title.

But to deprive a party of his property, without any fault of his own, to accommodate a creditor who finds some difficulty in collecting his debt, or to prosecute the interest of an unwilling or irresponsible debtor, would seem to be as void of justice as it is of law.                   *Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and TAPLEY, JJ., concurred.