DAVID B. LOOMIS, Plaintiff in Error, *vs.* ALEXIS S. YOULE, Defendant in Error.

The party who commits the first fault in pleading must fail upon demurrer.

A pleading which contains substantial merits cannot be reached by demurrer. If irrelevant or redundant matter be incorporated with such pleading, it can only be cured by motion.

In an action to recover the possession of personal property, it is an indispensable allegation that the Plaintiff is either the owner or entitled to the possession of the property; and the absence of such averments is not cured by the provisions of Sections 86, 87 and 88, of Chapter 70, of the Revised Statutes.

In this action, an answer is sufficient which sets up an outstanding title in a third person, and it is unnecessary for the party to connect himself with such title.

This action was brought in the County of Chisago, to recover the possession of certain personal property. The complaint alleges that in June, 1852, the Defendant wrongfully took and detained from the Plaintiff the property in suit, which was of the value of two hundred dollars.

The answer denies property in the Plaintiff, and asserts it to have been in a third person. It is further alleged that the logs in suit were taken and held by the Defendant as Sheriff of St. Croix County, Wisconsin, under an execution issued upon a a judgment against the party in whom the ownership of the property is alleged to be.

The Plaintiff demurred to the answer, on the following grounds:

*First.* The answer does not state in concise language sufficient to constitute a defence.

*Second.* Conclusions of law, instead of fact, are stated.

*Third.* The answer does not show that any valid judgment has ever been rendered, or remained unreversed or unsatisfied.

*Fourth.* The answer does not show that the execution was regular and valid on its face.

*Fifth.* It does not show where the execution was issued or returnable, or where the levy was made.

*Sixth.* It does not show that the Defendant had any legal right to take or hold the property.

*Seventh.* It does not allege that the Defendant was Sheriff, or acted as such.

*Eighth.* It is informal, uncertain and insufficient.

The demurrer was overruled.

The action was brought to this Court by writ of Error to the District Court of Washington County.

Ames & Van Etten, for Plaintiff in Error.

Thompson & Parker, for Defendant in Error.

*By the Court*—CHATFIELD, J. In this case, the Plaintiff's demurrer to the Defendant's answer was overruled, and judgment rendered thereon in favor of the Defendant.

The rule that a demurrer puts to the test of leading sufficiency all prior pleadings in the cause, is retained, and to be applied under our present system, though the rules by which such sufficiency is to be determined are in several respects changed. The former strictness and nicety of form are very much relaxed, but every material and necessary substance of the pleading is rigidly required to be directly and plainly stated.

If the facts so stated in a complaint constitute a valid and sufficient cause of action, such complaint is not demurrable, though other and unnecessary immaterial or redundant statements be contained in it. The same rule applies to answers. If any fact or facts so stated in an answer constitute a defence, the answer is not demurrable, though it contain other statements of matter immaterial to or insufficient for a defence. The proper course to pursue in such cases is to prune the pleading by a motion to strike out.

This case must be determined by the pleadings tested by the rule above stated.

The Plaintiff's complaint, which is in an action for the recovery of the possession of personal property, alleges, with sufficient certainty of time and place, that "the Defendant wrongfully took and detained from the Plaintiff" the property mentioned therein, but wholly fails to state or allege either that the property was the Plaintiff's, or that he was in any manner or for any reason entitled to the possession of it.

This action, like the old action of Replevin, cannot be sustained by the Plaintiff, unless he has, at the time when he brings it, such general or special title to the property as to give him an absolute right to the possession of it. The Plaintiff must, at the time when he brings his action, have an existing legal right to have the property delivered to him, or he cannot maintain it. *Sharp vs. Whittenhall*, 3 *Hill's Rep.* 576. *Wheeler vs. Train*, 3 *Pick. Rep.* 255. It is therefore indispensably necessary for him in his complaint to allege such a title as will be legally sufficient to give him the right of possession, for without such allegation the complaint would nei-

12

ther admit proof thereof, or support a verdict, or authorize a judgment in his favor. *Pattison vs. Adams*, 7 *Hill's Reports*, 126. The complaint is fatally defective. The affidavit on which the Plaintiff claimed a delivery of the property, forms no part of the pleadings, and cannot be referred to, or otherwise used, to supply deficiencies in the complaint. Nor is this absence of an allegation which is indispensable to the maintainance of the action, cured by the provisions of Sections 86, 87 and 88, of Chapter 70, of the Revised Statutes, page 340. "When, as in this case, there is a total want of any allegation in the pleading of the subject-matter, as a ground of action or defence, the want of such allegation is not cured by the the code, so as to allow of a decree to be founded upon the proof without allegation." This language of JEWETT, Chief Justice, in the case of *Kelsey vs. Western*, 2 *Com'k. Rep.* 507, refers to the sections of the New-York code, of which the sections of our statutes before cited are literal copies. Though that opinion was given in a case in Chancery commenced before the enactment of the New-York code of proceedure, it states clearly and accurately the rule which is applicable to cases under the new as well as the old system, and to judgments as well as decrees.

If the complaint in this case had been in all respects sufficient, still in my opinion the Defendant was entitled to judgment in his favor, upon the demurrer to his answer. Almost the only thing which is well stated in the answer is, the allegation that the property mentioned " was not the property of the said Plaintiff, but was the property of P. G. Cullen." That allegation alone constitutes a good defence to this action, as it would in the old action of Replevin. It denies and traverses the Plaintiff's title and his right to have the property delivered to him. Though the Defendant did, in one part of his answer, attempt to connect himself with Cullen's title, it was not necessary for him in this action to do so. If Cullen owned the property, the Plaintiff did not; and if the Plaintiff did not own it, he had, in the absence of any allegation of a special possessor's title, no right to have it delivered to him, or to recover the possession of it. It has always been held that in Replevin, especially in the *cepit*, it was competent for the De-

fendant to set up title in a third person as inducement to the traverse of the Plaintiff's title: and if he succeeded upon such issue, he was entitled to judgment *pro retorno habendo*, without connecting himself, by his pleadings or proofs, with such outstanding title. *Harrison vs. McIntosh*, 1 *John. Rep.* 380; *Rogers vs. Arnold*, 12 *Wend. Rep.* 30; *Prosser vs. Woodward*, 21 *Wend. Rep.* 205; *Ingraham vs. Hammond and Mead*, 1 *Hill's Rep.* 353. In the case of *Rogers vs. Arnold*, this rule, or rather the reason for it, was doubted, but the subsequent cases cited fully dispel such doubts.

The judgment of the District Court in this case must be affirmed.