Dodge v. Chandler.

John Dodge, Appellant, vs. Martin S. Chandler, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under the act of 1862, passed March 11, *p. 98*, *Laws of* 1862, where a sheriff levies upon property in the actual possession of the judgment debtor, no action can be maintained against him by a third person who claims such property, unless he gives the sheriff written notice of his claim before the action is brought, or unless the Sheriff had knowledge of such claim at the time he made the seizure.   The *onus* of proof of service of the notice, or of previous knowledge in the sheriff, is upon the Plaintiff.

Where goods were purchased by a judgment debtor, marked with his name, and shipped to him at his place of residence, and while such goods were in the warehouse of a forwarding merchant on their way to the debtor they were levied upon by a sheriff under an execution against the debtor.   *Held*, that they were not in the possession of the debtor within the meaning of this statute.

It is irregular to issue an execution to a county other than the one in which the judgment roll is filed, before the judgment is docketed in such county.

Where, however, the pleadings allege the execution to have been issued *on or about* the 28th day of November, 1862, and the judgment to have been docketed

Dodge v. Chandler.

on the 1st day of December, 1862, and an execution is admitted without objection, the precise time of the issuance of which does not appear, such execution will be presumed to be regular.

Points and authorities for Appellant.

I. The evidence is not sufficient to justify the verdict in this case, and that said verdict is against the evidence.

II. Error in law occurring at the time of the trial.

III. Because the answer does not aver that the judgment upon which the execution was issued was, at the time said execution was issued, docketed in the county to the Sheriff of which said execution was directed, but on the contrary states that said execution was issued before such transcript was so docketed or filed, the execution was for that reason irregular and void. *Comp. Sts.*, ch. 61, sec. 87, *p.* 568; sec. 82, *p.* 567.

Points and authorities for Respondent.

I. There is nothing in this case to show that the transcript of judgment put in evidence was not docketed in Goodhue county before the execution was signed by the attorney for the Plaintiff, or placed in the hands of the sheriff for service, and before any levy was made, and before the same was issued within the meaning of the statute. An execution must be subscribed by the party issuing it or his attorney, and cannot be considered as issued till he places it in the hands of the officer for service. But a transcript can be docketed *nunc pro tunc*, and an executien can be amended at any time, and does not need to be dated or subscribed by the clerk. The judgment record should be actually filed before execution issues, but it may be ordered to be filed *nunc pro tunc*. 3 *Cow.*, 39; 22 *Wend.*, 566; 1 *Code Rep.*, 123; 1 *Caines' Cases*, 9; *Id.*, 496; 3 *John. Rep.*, 448; *Id.*, 525; 3 *Caines' Cases*, 104; 4 *Minn.*, 318.

II. The statute requires that any person having a claim to any property levied on by a sheriff upon execution must give notice in writing of his claim to such property to such officer seizing the same, before he can have any right of action against the sheriff.

*Sess. Laws of* 1862, *p.* 98, *sec.* 2; 8 *Minn. Rep.,* 75; 6 *Cal. Rep.,* 43; *Id.,* 512; 12 *Id.,* 73; 7 *Mass.,* 123; 8 *Pick.* 443; 1 *Parson's Con.,* 441.

W. K. GASTON, and BRISBIN & WARNER, Counsel for Appel't.

MORRIS LAMPREY, Counsel for Respondent.

*By the Court*—FLANDRAU, J.—The paper books in this case are so defectively prepared that it is very difficult to spell out the exact state of the pleadings and evidence on the trial. The parties have made up a case, and quite a number of amendments have been proposed and adopted. These amendments refer to the original case, in some instances by blank references to the folios and lines. The case as amended has never been engrossed, and we are left to trace it out as best we may. The proper practice would be to send it back for engrossment before considering it, but the fault must rest with the attorneys if any misunderstanding of facts results from the state of the papers.

The points upon which the Appellant seeks to reverse the judgment below are not very numerous, and we will consider them in the order in which they are presented in his brief.

The first is insufficiency of the evidence to sustain the verdict, &c. There is an issue of fraud made upon the purchase of the Plaintiff from Mr. Spencer, the original owner of the goods. Upon this issue evidence was given of the fact that the Plaintiff was the clerk of Spencer; that he paid for the property in his note; that he sold portions of it back again to Spencer, and the articles so sold were endorsed on the Plaintiff's note as part payment; also the telegram from Spencer to Downing to ship the goods to St. Paul after the sale to the Plaintiff, which may not have been properly admissible, as having been an act of Spencer without the knowledge of the Plaintiff, but which was not offered until after the witness had testified without objection to the fact of his having telegraphed for the goods, and the whole contents

of the telegram. The jury being in possession of the fact, the mere introduction of the telegram would not be error of sufficient importance to vitiate the verdict. This evidence as to the invalidity or fraudulent character of the transfer from Spencer to the Plaintiff was, in our opinion, sufficient to justify a verdict for the Defendant if there was nothing else in the case.

The next point is on the charge of the judge to the jury as to the notice required by *ch.* 41, *Sess. Laws of* 1862, *p.* 98. In the case of *Vose v. Stickney,* 8 *Minn., p.* 75, we held that where personal property was found in the possession of the judgment debtor, who was exercising acts of ownership over it with the consent of the owner, and was seized by the Sheriff upon execution, persons claiming the same could not maintain an action against the sheriff unless they notified him of their claims, or showed that he had such notice before the seizure. This case was before the statute of 1862, and was decided upon what we conceived to be law upon principle and authority. This statute seems to have the same object in view, and is therefore declaratory only. The meaning of *section* 2 of said act is, that whenever the officer makes the seizure of property in the actual personal possession or custody of the Defendant, under process against him, third parties claiming the same must, before they can maintain an action against the officer, give such officer notice in writing of their claims to such property, unless the officer possessed at the time of the levy knowledge of the Plaintiff's claim, and seized the property notwithstanding. It is, however, incumbent on the Plaintiff to show both the notice, when it is given, and the knowledge in the officer, when the Plaintiff relies on that. The statute has no reference to any case except where the property is in the possession of the Defendant at the time of the seizure sufficiently to create presumption of ownership in him.

In the case at bar the property was purchased by Spencer abroad, and shipped to him at St. Paul, marked with his name. Now, whether this property was delivered to Mr. Spencer at the place where he purchased it, and by him shipped to St. Paul, or whether he purchased by order, or in what manner, does not

Dodge v. Chandler.

appear. The goods in controversy were seized *in transitu* at the city of Red Wing, where they were *in the storehouse of forwarding merchants*, on their way to Spencer, marked with his name. These facts, we think, do not make out such a possession in Spencer as was contemplated by the act of 1862, or by the decision above referred to. It is not enough that these facts create a presumption of ownership in Spencer. The officer is protected only when the property is in such actual custody of the judgment debtor as to induce belief of ownership, and he is permitted to take the property in ignorance of the claims of others. The court therefore erred in charging the jury that the Plaintiff could not recover unless the notice mentioned in the statute above referred to had been given before the commencement of the action, because it was predicated upon the assumption that actual possession by the judgment debtor was not essential to the protection of the officer under the statute.

The next point made is upon the question of value. The complaint states the value of each article taken, and the aggregate of the whole at $980.98. On the trial the Defendant admitted in open court that the value was as alleged in the complaint. The answer denied generally the value of the property, but did not allege what it was worth, and this denial is claimed to be an admission that the value was as charged in the complaint. Upon these facts the court instructed the jury that "there being no sufficient denial in Defendant's answer as to the value of the property as stated in the complaint, the jury in this case must find the value of the property to be $980.98, as stated in the complaint."

The Appellant now claims that this was error because the several items of value as alleged in regard to each article when added up fall short of the aggregate as also alleged. Now whether this is so in fact or not we have no means of ascertaining except by figuring out the whole matter, as no computation accompanies the point of the Appellant, or whether he knew of this discrepancy at the trial or has discovered it since we do not know except from inference. At any rate it is fair to suppose he did not know of it when he drew his complaint, and as nothing was said when

the question was under discussion, and the charge of the judge was excepted to, about the existence of this discrepancy, we must also presume that the Plaintiff had not then found it out, or he would have placed his objection specifically upon that ground. We cannot presume that he knew of it, and put in a general objection as a deception to throw the court off the true ground. The whole question therefore went off on the sufficiency of the denial on the point of value, which, together with the Defendant's admission of the value in open court made the court's charge strictly correct. The general objection would not reach such an error of the Plaintiff's own creation at any rate.

The next and last point is, that the justification fails because the pleadings show that at the time the execution was issued to Goodhue county, the judgment, which was originally rendered in Ramsey county was not docketed in the former. The answer alleges the rendition of the judgment against Spencer in Ramsey county, on the 14th of July, 1862. That execution thereon was issued on or about the 28th day of November, 1862, to the Sheriff of Goodhue. That a transcript of the judgment was docketed in Goodhue county on the 1st day of December, 1862. It will be seen that it does not appear absolutely that the execution issued before the docketing of the judgment. The execution issued on or about the 28th day of November, and the judgment was docketed on the 1st of December. Whether an execution issued on the 1st, 2d or 3d of December would not have been admissible under this allegation may well be questioned. The case says that the "Defendant offered in evidence the execution issued upon said judgment as averred in the answer." No objection was made by the Plaintiff to its reception as evidence, and no copy of it accompanies the case. The first presumption that would arise on this state of facts is, that the Plaintiff, on seeing the execution, found that it bore date after the docketing of the judgment in Goodhue county, and consequently made no objection to its admission, and upon that presumption we must determine the point. We do not think an execution can issue regularly to a county until after the judgment is docketed therein, but we cannot set aside a judgment

upon such a point unless we are satisfied of the fact upon which the case herein fails essentially.

All that part of the defence depending upon the ordinances of St. Paul and Red Wing against selling liquor without license was ruled in favor of the Plaintiff, and is not involved in this appeal.

We find no substantial error committed on the trial except in relation to the notice required by the act of 1862, and embraced in the Plaintiff's second point, but for this error the Plaintiff is entitled to a new trial.