## NORMAN LOCKWOOD AND WIFE
### *v.*
## HORACE R. BIGELOW.

A demurrer reaches the first defective pleading, if the objection to the pleading is a question of jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action.

A levy under an execution upon real estate is not necessary under our statute.

Where time is material and essential to the plaintiff's cause of action, and necessarily within his knowledge, it must be alleged positively and with precision; on or about a particular day is not sufficient.

Where a complaint states facts which show that a plaintiff is entitled to any portion of the relief prayed for, it is sufficient on demurrer.

This is an appeal, by the defendant, from an order of the District Court for Ramsey county, overruling a demurrer to the reply. A sufficient statement of the case will be found in the opinion of the court.

H. R. BIGELOW, for appellant.

H. J. HORN, for respondents.

*By the Court*—McMILLAN, J. The complaint in this case sets up an agreement between Norman Lockwood, for the use and benefit of his wife, Emma G. Lockwood, and James M. Winslow, whereby, in consideration of certain services to be performed by Lockwood, specified in the complaint, Winslow agreed to sell, and did then and there sell, and agreed to convey to said Emma G. Lockwood in fee simple, certain

premises described in the complaint, containing four acres, more or less, and that in the meantime the said Emma G. Lockwood should be entitled to the possession thereof. The contract is alleged to have been made *on or about* the 15th day of May, 1858, and it is averred that at the time of making the contract, Winslow was the owner of the premises. The complaint, after alleging the contract, avers that thereupon the said Emma G. Lockwood, by her said husband, Norman Lockwood, entered into and took possession of the premises *at or about the time last aforesaid* under said contract, and about the same time commenced the performance of the services specified as the consideration, and completed the same, according to said contract, in March, 1859. That the said Winslow and his wife, on the 23d day of August, 1858, conveyed the said premises to the said Emma G. Lockwood, by a sufficient deed, &c., recorded on the 22d day of November, 1858, and alleges certain valuable improvements on the premises, and continued possession by her. The complaint then sets up two judgments against the said Winslow, one in favor of John B. Brisbin and Horace R. Bigelow, for $614 62, and one in favor of Charles Reissig, in which the said Brisbin and Bigelow were the attorneys for the plaintiff, for $249 99, which judgments were each duly docketed on the 18th of June, 1858; that on or about the 13th of December, 1859, executions were issued by said attorneys, whereunder, on or about the 9th day of February, 1860, the Sheriff of Ramsey county, to satisfy said judgments, sold certain lands described in the complaint, containing eighty acres, and embracing the land described in the contract and conveyance from Winslow to the plaintiff, to one William R. Snider, for $360; that Snider assigned the certificate of sale to Horace R. Bigelow, the defendant, who, on the 12th of February, 1861, obtained a Sheriff's deed for the premises; that about the 28th of August, 1861, said Bigelow conveyed the land to John G. Macgreggor, who conveyed the same, on the 29th of August,

1861, to Sarah A. Heenan, subject to a Mortgage executed on the 28th of August, 1861, by Macgreggor, and Edward Heenan now deceased, then husband of Sarah A. Heenan, to said Bigelow, recorded on the 31st day of August, 1861, &c., to secure the payment of certain notes of said Edward Heenan in favor of said Bigelow, amounting to $822 50, or thereabouts, bearing interest, which mortgage contains a power of sale in the usual form; that said Snider and Macgreggor did not pay any purchase money for the conveyances to them respectively, but acted as the agents, and for the benefit of said Bigelow, and that all the parties named had notice of the right, title and claim aforesaid, of the said Emma G. Lockwood, long prior to the Sheriff's sale, and the execution of said conveyances. The complaint further alleges, that on the 26th of September, 1863, for the purpose of confirming the title of said Emma G. Lockwood to the premises claimed by her, Sarah A. Heenan conveyed the same to her by deed. That the defendant claims that the mortgage aforesaid is a lien on said premises of the plaintiff, and has given and published a public notice to foreclose the same under the power of sale therein, and threatens to sell the land of the plaintiff as included in the eighty acre tract, or as two parcels of forty acres each, without respect to the rights of the plaintiff. The complaint also alleges that the executions under which the land was sold, were never levied upon the land of said Emma G. Lockwood, &c., and demands judgment that the cloud upon the plaintiff's title be removed, and her title and possession quieted, and the Sheriff's sale, and all proceedings affecting the land of the plaintiff, be set aside or declared void, and the adverse claim of the defendant determined, and the defendant enjoined from selling the plaintiff's land, or foreclosing said mortgage; and in case the court should adjudge the mortgage to be a lien on the land, that it should be sold as a separate parcel; and for such other and further relief as may be just and expedient, &c. The defendant answers, and there is a

reply by the plaintiff, to which the defendant demurs. The demurrer was overruled by the court below, and the defendant appeals to this court from the order overruling the demurrer. We need not notice the facts in the answer or reply, as the defendant expressly waives all questions which might be raised upon the reply, and relies solely upon alleged defects in the complaint, which he claims are reached by the demurrer. It is settled in our State, that a demurrer reaches the first defective pleading, if the objection be to the jurisdiction, or that it does not state facts sufficient to constitute a cause of action. *Loomis v. Youle*, 1 Minn. 175; *Bernheimer v. Marshall & Co.*, 2 Ib. 78; *Smith v. Milliken*, 2 Ib. 319; *Stratton v. Allen & Chase*, 7 Ib. 502.

The grounds urged in support of the demurrer are, that a levy on real estate is not necessary, and that it does not appear from the complaint that the contract for the sale of the land, by Winslow to the plaintiff, was made prior to the docketing of the judgments under which the defendant's title arose, and that it does not appear that the plaintiff took possession of the land, under said contract, prior to the docketing of said judgments.

The necessity of a levy upon real estate, under an execution, has been considered in several cases heretofore before the Supreme Court of this State, and it has been determined that a levy is not necessary. Whether the question was necessarily involved in each of the cases is not material; it would seem, in one of them, at least, to have properly arisen. As it is a question affecting title to real estate, and the rule laid down in the former decisions may have been extensively relied on, and the section of the statute which, it is claimed, required the levy, has been repealed, we do not feel at liberty to interfere with the former decisions, whatever might have been our view of the question had it been presented to us in the absence of any decision upon the question.

The complaint then shows a perfect chain of title in the defendant, under the judgments, and unless the facts in the complaint show a prior title in the plaintiff to the premises claimed by her, the complaint is clearly bad. To show this prior title, it is essential that the contract relied on by the plaintiff should appear to have been made prior to the docketing of the judgments. The allegation of the complaint, as to the making of the contract, is, that *on or about* the 15th day of May, 1858, at said county, the said Norman Lockwood, for the use and benefit of the said Emma G. Lockwood, who was and is his wife, and the said James M. Winslow, made and entered into a contract with each other, &c. The judgments are alleged to have been docketed on the 18th day of June, 1858. The time of making the contract is, in this case, beyond doubt, material and essential to the plaintiffs' title, and is presumptively within their knowledge. The rule of pleading is, that whatever is essential to the rights of the plaintiff, and is necessarily within his knowledge, ought to be alleged positively and with precision. Mitf. Eq. Pl. 45 and note 2; Story's Eq. Pl. Secs. 225-6, 241-2; *Minor v. Willoughby, & Powers*, 3 Minn. 225; 1 Dan. Ch. Pl. and Pr. (Perkins) 422.

Although it is laid down in the authority last cited, that in ordinary cases the laying of an event on or about a certain day of a certain month or year, is a sufficient specification of time, it clearly is not intended to include a case like the one under consideration, where time is a vital element in the plaintiff's title. Under this rule, the allegation in the complaint, as to the time of making the contract, we think, is insufficient; and the same rule applies with even greater force to the allegation as to the time of plaintiff's taking possession. So far, therefore, as these allegations are concerned, the complaint is defective.

But it appears from the complaint, that on the 23d day of August, 1858, Winslow and wife, the owners of the fee of the premises, conveyed the premises claimed by the plaintiffs, to

Emma G. Lockwood, and that Sarah A. Heenan, on·the 6th day of September, 1863, likewise conveyed her interest to the said Emma G. Lockwood. The plaintiffs, therefore, have a right to a decree of the court, on the facts stated in the complaint, requiring the defendant to sell the premises in separate parcels, and her own last in order. It is true the defendant denies that he threatens, or has threatened, to sell the premises as the complaint alleges, and avers that he is entirely willing to conduct the sale in the order desired by the plaintiffs ; yet, as the question is raised on demurrer, it must be determined solely with reference to the sufficiency of the facts alleged in the complaint, irrespective of the answer, and as the complaint states facts sufficient to entitle the plaintiffs to this portion of the relief prayed for, the demurrer, on this ground, must be overruled. The order overruling the demurrer is, therefore, affirmed.