## JOHN H. DODGE

### *vs.*

## MARTIN S. CHANDLER.

In an action against a sheriff, in which he justifies the taking of personal property under an execution issued to him from another county than his own, when the answer alleges the docketing of a transcript of the judgment in his county on a particular day, and that "on or about" that day the execution was issued, the presumption, *prima facie*, is that the execution was regularly issued, and although the averment as to the date the execution was issued should be more definite, it is not fatal to the answer.

The case of *Lockwood vs. Bigelow*, 11 *Minn.*, 113, examined, and distinguished from the present case.

The denial of each and every *material* allegation in a pleading is bad.

The sufficiency of certain evidence to sustain a finding of fact by a referee considered and determined.

When, under the issues, a defense rests upon the fact that a sale of personal property by which the plaintiff claims to be the general owner, is fraudulent, and the plaintiff on the trial identifies the bill of sale under

Dodge v. Chandler.

which he claims, and proves the signature of the vendor, and the execution and delivery of such bill of sale to himself, and testifies to the delivery of goods under the same, the defendant upon cross-examination may inquire into all the circumstances of the sale which tend to characterize the delivery in pursuance of the sale as fraudulent. Under such circumstances, unless it is apparent that some injury resulted to the plaintiff, even if the cross-examination was not strictly correct, a Court would not be authorized to grant a new trial.

Where a levy by the Sheriff was alleged in the answer and not denied by the plaintiff, the reception of parol evidence of the fact is not ground for a new trial.

When the date of the issuing of an execution is material, and is sufficiently averred in an answer, and not denied in the reply, the exclusion of testimony as to the date it was issued is not error.

When a Sheriff by virtue of an execution in his hands, levies upon personal property of the defendant in the execution, he has a special property in the goods, the measure of the value of which is the amount of the execution, debt, interest and costs; and in an action by the *general owner* against the Sheriff for the recovery of the goods, in which the Sheriff claims a return of the goods by virtue of his special property, the value of the defendant's interest in the property, if it cannot be returned, should be determined by the jury at the amount of the execution (debt, interest and costs) under which he holds the same. Under such circumstances a verdict and judgment in favor of the defendant for the full value of the property, if it cannot be returned, are erroneous. But where the value of the defendant's interest in the property can be determined from the record, without further evidence, by simple computation, and the defendant consents to fix the sum he is entitled to recover if the property cannot be returned, at such amount, and remit the balance, the judgment will be modified accordingly; otherwise it will be reversed and a new trial granted.

This action was brought in the District Court for Goodhue County, for the recovery of certain liquors alleged in the complaint to be the personal property of the plaintiff, and unjustly taken from his possession by the defendant. The defendant justifies the taking, alleging in his answer that at the time he was Sheriff of Goodhue County, and took the same under an execution issued upon a judgment rendered in the

District Court for Ramsey County, in favor of John Curtis, and against one A. Spencer, July 14, 1862, for $267.15; that a transcript was docketed in Goodhue County, Dec. 1, 1862; that said execution was issued " *on or about* " the 28th day of November, 1862, and said property at the time of the taking was the property of said Spencer, and " that the plaintiff claimed the same only by collusion with said Spencer to cheat and defraud the creditors of Spencer." The answer puts in issue the ownership of the property by Spencer, and the alleged collusion to cheat and defraud. The cause was tried before a referee. Several questions are discussed in the opinion in regard to the construction of the pleadings, and the pleadings of the opinions construed appear therein at length. On the trial the defendant Dodge was examined as a witness in his own behalf. Exceptions were taken by plaintiff's counsel to the rulings of the Court receiving the testimony elicited on his cross-examination. The testimony objected to fully appears in the opinion. The referee found substantially, among other things, that on the 24th of November, 1862, Spencer was the owner of the property in dispute; that on that day, by an instrument in writing, he transferred the same to plaintiff; that said transfer was without consideration, made for Spencer's benefit, in trust for his use, and void as against Spencer's creditors; that the defendant was entitled to judgment for the possession of the property, or in case the same could not be had, for its value, $863.90. Judgment was entered pursuant to the findings of the referee. The plaintiff appeals therefrom to this Court.

BRISBIN & WARNER for Appellant.

LAMPREYS for Respondent.

*By the Court*—McMillan, J.—It is not necessary to consider the first two objections urged by the plaintiff. The third objection is, that the execution under which the sheriff, defendant here, justifies, was void, because it was issued before the transcript of the judgment was filed in Goodhue County.

The answer sets up a judgment in Ramsey County July 14, 1862; a transcript docketed in Goodhue County, December 1, 1862, and "that heretofore, to wit, on or about the 28th day of November, A. D. 1862, at said County of Ramsey, an execution was duly issued out of and under the seal of said District Court for said County of Ramsey by the Clerk of said Court," &c. By the allegation of the docketing of the transcript on the 1st of December, the authority to issue execution to Goodhue County on or after the 1st of December is distinctly pleaded. But as was remarked by this Court in this case when considering this objection on a former occasion, "it does not appear absolutely that the execution issued before the docketing of the judgment." *Dodge vs. Chandler*, 9 *Minn.*, 102. But in a case of this kind the presumption of law is in favor of the regularity of the proceeding in a Court of general jurisdiction, and since the averment that the execution issued on or about the 28th of November does not rebut this presumption, it must obtain here.

Although under the rules of pleading the averment should have been more definite and certain, (*Gould's Pl.*, *Ch.* 3, *Sec.* 64), it is not in a case of this kind fatal to the answer.

In *Lockwood vs. Bigelow*, 11 *Minn.*, 113, the defective averment was of an act *in pais*, and was not aided by any presumption in its favor, and in this respect is distinguished from the present case. The allegations of the answer being sufficient, the question is presented whether they are put in issue by the reply. The reply to these allegations in the an-

swer is, "that the said plaintiff * * * has not personal knowledge of the matters therein stated, nor has he the requisite or sufficient information to form a correct opinion as to whether or not said alleged judgment of John Curtis against Andrew Spencer was regularly or legally obtained, or whether the same is valid and of binding force and effect; and for want of such knowledge and information the plaintiff denies each and every material allegation contained in said portion of said answer. * * * This plaintiff denies that said defendant had any authority, as averred in said answer, to take said property or any portion thereof."

The denial of each and every "*material*" allegation" in a pleading, being a denial of a mere legal conclusion, is bad. *Montour. vs. Purdy*, 11 *Minn.*, 401. And it may well be doubted whether there are not other objections to this denial equally fatal. The only question at issue, therefore, was the ownership of the goods by Spencer, and the fraudulent disposition of the same to the plaintiff.

That Spencer was originally the owner of the goods is admitted on all hands.

If, therefore, the sale to plaintiff was fraudulent as to Curtis, the execution creditor, the defendant must recover.

This is a question of fact, and we think the finding of the referee is sustained by the evidence.

The fourth objection urged by the plaintiff is that the entire cross-examination of the witness Dodge was erroneously allowed.

Upon the trial before the referee the plaintiff Dodge was sworn as a witness, and the bill of sale of the goods in controversy having been shown to him, he identified the signature to the paper as that of Spencer, and stated that he saw the paper executed, and it was delivered to him by Spencer at St. Paul at its date; that a portion of the goods were then

Dodge v. Chandler.

there, and a part on the route to St. Paul; the portion at St. Paul was then delivered to him; the balance he saw at Red Wing in the hands of the defendant before this suit was brought, and demanded them of defendant, who refused to deliver them; whereupon plaintiff replevied them. The witness also stated, in chief, that he was not acquainted particularly with the value of liquors or brandies. The bill of sale was again shown to him, and he testified that the " checks indicate that those checked were received here, and the rest behind in possession of the sheriff." After various preliminary questions, on cross-examination the defendant's attorney offered to show that the plaintiff was not, and Spencer was, owner of the property, which was objected to by the plaintiff, and the objection was overruled, to which the plaintiff excepted.

For the purpose of sustaining the offer, the defendant, on a cross-examination, showed by the witness all the circumstances of the sale, the character of the consideration, and the disposition of the goods by the plaintiff after delivery. In view of the testimony in chief of the plaintiff, we see no reason why, upon a cross-examination, the defendant could not show any circumstances which would characterize the delivery in pursuance of the sale as fraudulent.

It is not contended that any of the testimony was incompetent, except as a cross-examination; under such circumstances, unless it is apparent that some injury resulted, even if the cross-examination was not strictly correct, it would not authorize a Court to grant a new trial.

In this case we see no error demanding an interference. Since there was no issue as to the levy by the sheriff, the fact that parol testimony of such levy was received could not have injured the plaintiff, the fact being admitted on the record, and the issuing of the execution not being denied by the re-

ply, the exclusion of the testimony as to the date of its issuance was not error.

It is evident from the record that the referee has found that the defendant is entitled to the full value of the property if it cannot be had. This is erroneous.

The case shows that Dodge, the plaintiff, is the general owner of the goods, and the defendant has a special property in them by virtue of the levy under his execution. This levy may be discharged, and the defendant's interest extinguished at any time by the payment of the execution; the amount of the execution, debt, interest and costs, therefore, is the measure of the value of the special property of the defendant in the goods. *Minn. Packet Co. vs. Robertson*, decided at this term.

But this error is not necessarily fatal to the whole verdict. From the facts found by the referee, the amount of the debt and interest, and at least a portion of the costs, may be determined by mere computation; and if the value of the defendant's interest in the goods is fixed at this amount, the plaintiff cannot complain. If therefore the defendant will consent to fix the sum he is entitled to recover, if the property cannot be returned, at the amount of the debt and interest and such portion of the costs on the execution as are established by the record, and may be determined by computation, and will remit the balance, we will direct the judgment to be modified accordingly; otherwise the judgment will be reversed, and a new trial ordered. *Bronson vs. Stickney*, 5 *Minn.*, 215.