Barry v. McGrade et al.

HORACE W. BARRY

*vs.*

*FRANK McGRADE et al.

*Chapter* 24 *of the Laws of* 1865, applies only to cases where the property was levied upon or taken by the sheriff, while in the possession of the defendant in the process, or his agent, under circumstances which create a *prima facie* presumption of ownership in the defendant. When so taken, no action resting upon a claim of title to or interest in such property can be maintained against the sheriff by any person, except the defendant or his agent, unless the affidavit required by section one of the act above mentioned is made and served before the sale or other regular disposition of the property by the sheriff.

An attorney in an execution who advises and directs the sheriff to make a levy and sale of personal property in the possession of the defendant, or his agent, under circumstances which create a *prima facie* presumption of ownership in the defendant, and the affidavit required by section one of the act of 1865 is not served upon the sheriff, is not liable in an action brought by a third person for the taking and conversion of the property.

The fact that the plaintiff had no notice of the levy and seizure of the property until after the sale cannot affect the sheriff.

The act is not unconstitutional, it merely regulates the remedy and does not deprive the plaintiff of any property or vested right.

This action was brought in the District Court for Ramsey county, to recover damages for the wrongful taking and conversion of forty-nine sheep and sixteen lambs alleged to be the property of the plaintiff. Issue was joined in the action, the defendants all appearing and answering by the

---

†This case was argued and determined at the July Term, 1868.—REPORTER.

same attorneys.   The place of trial was changed to Carver county, and the action was tried before the Court—without a jury.

The facts as found by the Court below, and as they appear in the "case," are substantially as follows :   The sheep and lambs were the property of the plaintiff, and were in the possession of one H. H. Williams, under an arrangement between him and the plaintiff.   The sheep had been in possession of Williams for several years, mingled with a large number of his own sheep, and treated and taken care of as his own.   The defendant McGrade was sheriff of Scott county, and the defendant William Cressey was deputy.   Cressey, as such deputy, levied upon and took possession of the sheep and lambs, under and by virtue of an execution duly issued against said Williams. · Williams immediately notified Cressey of plaintiff's ownership of the property levied upon, and of the written contract or agreement under which the same was in his possession, but Cressey sold the property, together with a large number of other sheep, &c., levied upon at the same time under other executions against said Williams, and the other defendants (or some of them) were purchasers at the sale.   The defendant Luther M. Brown was the attorney of the plaintiffs in the executions, and advised and directed Cressey to make the levy and sale, and Cressey acted under his advice and direction..

As conclusions of law, the Court found (among others) : That the defendant Frank McGrade was improperly joined with the defendant Cressey and others, and that he could not be made liable as sheriff for the acts of his deputy, in a joint action against both, for the trespasses of his deputy.   *   *   *   That the defendants William Cressey and L. M. Brown are liable in damages to the plaintiff for the

value of the property.   *   *   *   The Court ordered judgment for the plaintiff against Cressey and Brown, and judgment for costs in favor of all the other defendants in the action.

The defendants Cressey and Brown appeal from such judgment against them.

Brown & Peck for Appellants.

W. P. Warner for Respondent.

*By the Court*—McMillan, J.—It is found by the Court, that the defendant, Cressey, as deputy sheriff, by virtue of a certain execution, levied upon and took into his possession, and from the possession of Henry H. Williams, the defendant in the execution, as his property, certain sheep and lambs ; that the same were levied upon and taken in connection with a large flock of sheep and lambs, all in said Williams' possession.   The Court also finds that in September, 1862, the plaintiff, Barry, was the owner of certain sheep and lambs, and at that time let the same to Williams, in whose actual possession the sheep then were, under a written agreement, by the terms of which Williams was to have half the wool, and half the increase of the flock, in consideration that he should properly care for and feed the same, and return to the plaintiff the whole of the sheep, and one half the lambs at the end of the year ; that the contract was renewed from year to year, till the fall of 1864, when it was agreed that plaintiff should have for his share the entire increase, and Williams the entire crop of wool for the next year.

Under this state of facts can the plaintiff recover, as

against the defendant, Cressey, in the absence of the affidavit required by *sec.* 1 *of ch.* 24, *Laws* 1865 ( *p.* 63) ?

A provision, substantially similar, except that it is limited in its application to actions for the claim and delivery of personal property, exists in the Code of New York. *Voorh. Code,* 8*th Ed., p.* 396, *sec.* 216. It has been held in that State that the section is only applicable where the property was taken by the sheriff in the proper discharge of his duty, that is from the possession of the defendant or his agent, in accordance with statutory provision. (*Sec.* 209). But when the sheriff is thus acting in the discharge of his duty, the doctrine that the person claiming the property is limited to the mode prescribed by the statute, as against the sheriff, is recognized and announced. *King vs. Oiser,* 4 *Duer,* 431. A precisely similar section existed in our statute up to the time of the revision of 1866. *Comp. Stat., p.* 550, *sec.* 140.

The statute relied on in this case is expressly applicable to cases where property is levied upon or taken by a sheriff, by virtue of a writ of execution, warrant of attachment, or other process, and provides that no claim to such property, by any other person than the defendant or his agent, shall be valid against the sheriff, unless made in the manner specified in the act. At the time of the passage of this act it had been decided by the Supreme Court of this State, that where personal property was found in the possession of the judgment debtor, who was exercising acts of ownership over it, with the consent of the owner, and the property was seized by the sheriff upon execution, persons claiming the same could not maintain an action against the sheriff, unless they notified him of their claims, or showed that he had such notice before the seizure. *Vose vs. Stickney,* 8 *Minnesota,* 75 ; and in construing *ch.* 41 *of the Laws of* 1862, *p.* 98, the Court held, in effect, that the

act was merely declaratory of the common law, except that the notice, when required, must be in writing, but that the statute had no reference to any case, except where the property is in the possession of the defendant at the time of the seizure, sufficiently to create a presumption of ownership in him ; and that it was incumbent on the plaintiff to show the notice, when it was given, or the knowledge in the officer, of the plaintiff's claim, when he relies upon that. *Dodge vs. Chandler*, 9 *Minn.*, 97. The language of the act of 1865, is broad enough to include all cases where property is levied upon or taken by the sheriff under process, whether in the possession of the defendant or his agent, or not, and it might be urged, that the act having been passed immediately after the decision of the case last cited, such was the intention of the legislature ; but it cannot be supposed that it was the intention of the legislature to permit an officer to do a wilful wrong, or to require a useless act on the part of a suitor, yet such a construction of the law would involve the intention, on the part of the legislature, to do both.

We think the Act of 1865 was intended to apply only to cases where the property was levied upon or taken by the sheriff while in the possesion of the defendant in the process, or his agent, under circumstances which would create a presumption, *prima facie*, of ownership in him. When so taken, we think no action resting upon a claim of title to or interest in the property, can be maintained by any person except the defendant, or his agent, against the sheriff, unless the affidavit mentioned in the act is made and served before the sale, or other legal disposition of the property by the sheriff;—and that in an action by such person against the sheriff, it is incumbent on him to show the making and service of the affidavit. *Dodge vs. Chandler*, cited above. In this case the sheep were in possession

of the defendant in the execution—and had been so for several years—fed, protected, cared for and sheared by him as his own, mingling, it is fair to presume, with his own sheep, since they were taken together with a large number of other sheep, and he was entitled to half the increase of the flock during the two years from Sept. 1862 to Sept. 1864. The contracts under which they were held it does not appear were publicly known, or known to the officer; it is to be inferred from the evidence that they were not thus known. So far as the case shows there was nothing in the mark on the sheep to indicate that they were not the defendant's, and we see nothing in all the evidence which characterizes the possession of Williams as anything else than ownership. Under these circumstances, before the action can be maintained the plaintiff must prove the making and serving of the affidavit required by the act of 1865, which was not done in this case; the finding, therefore, as against Cressey, the deputy sheriff, cannot be sustained.

The Court finds " that the defendant Brown, the attorney of the plaintiffs in the several executions, advised and directed the said defendant Cressey to make the said levy and sale of said property, and the said Cressey acted under his advice and direction in the matter thereof."

Without stopping to consider the question whether there is evidence sufficient to sustain the finding as to Brown, but assuming that there is, can he be held liable, under the circumstances of this case, in the absence of the liability of the sheriff?

The only ground of his liability is his participation in the act of the sheriff. If the act of the sheriff was not wrongful, it is difficult to see why the advice or direction of the attorney in the process under which the sheriff acted should be regarded as wrongful. The sheriff, under the circum-

Barry v. McGrade et al.

stances of this case, had a right to take the property into his possession, under the writ; the attorney had a right to advise him thus, and direct him to act in accordance with this advice, and the affidavit not having been served the sale was regular. The fact that the plaintiff had no notice of the levy and seizure of the property until after the sale, cannot affect the sheriff. The law does not require such notice to any person, by the sheriff, but is based upon the theory that the sheriff knows no claimant, but the defendant, or his agent, until the service of the affidavit upon him. We think that neither Cressey, the sheriff who made the levy and sale, nor Brown, the attorney under whose advice and direction the sheriff acted, are liable, in the absence of the service by the plaintiff upon the sheriff of the affidavit required by section 1 of the Act of 1865. The Act is not unconstitutional; it merely regulates the remedy, and does not deprive the plaintiff of any property or any right.

The judgment below as to the defendants Cressey and Brown is reversed, the finding of the Court set aside, and a new trial granted.

WILSON, CH. J.—I do not concur in what is said in the foregoing opinion as to the liability of Brown, nor as to the grounds on which he is held to be exempt from liability.