Livingstone v. Brown.

gence of the defendant is a sufficient answer to the ground of the motion.

The order appealed from is reversed.

JAMES W. LIVINGSTONE

*vs.*

WILLIAM BROWN.

A complaint against the sheriff for taking and detaining personal property, alleged, that on the day of said taking, and since, plaintiff was the owner, and entitled to the immediate possession thereof, viz.; certain cattle, and also two stacks of hay on the premises occupied by A.; that the sheriff took the same by virtue of a writ of attachment issued in a suit wherein B. and others were plaintiffs, and A. defendant; that on the next day, plaintiff served on said sheriff, an affidavit setting forth his title to said property, the value thereof, and the grounds of his title; (viz.: that before the taking he bought it of A. the then owner, for value, and took it into his possession;) that he also served a notice on said sheriff that he was the owner thereof; and before the commencement of this action demanded the delivery of the same to him, which the sheriff refused, and wrongfully detained, and still detains the same from him. The answer denied the plaintiff's alleged ownership and right of possession, and the alleged wrongful detention thereof, and averred that at the time of said taking, A. being indebted to B. and others, they commenced an action against him to recover such debt; and on affidavit in the form required by law, that A. had assigned, secreted and disposed of, and was about to assign, secrete and dispose of his property with intent to delay and defraud his creditors, and on giving security as by law required, procured the issuing, in due form of law, of a writ of attachment in said action, against

Livingstone v. Brown.

the property of A.; that said personal property was, at the time it was taken on said writ, (being the taking complained of) the property of said A. and liable to be so taken; and that it was duly attached and taken by said sheriff thereon; and that said sheriff thereby became lawfully possessed thereof. *Held*, that the character of the sale by A. to plaintiff was not in issue, and that, therefore, the court below was right in excluding evidence offered by the defendant, at the trial, to prove that said sale was fraudulent against creditors, and in instructing the jury, that they should not take into consideration whether the sale was fraudulent, as no issue was made on that point; as also in refusing to instruct them, that if they should determine that the said sale was made for the purpose, and with the intent on the part of both A. and plaintiff to hinder, delay or defraud the creditors of A., viz.: B. and others aforesaid, they must find for defendant.

The defendant in this action was sheriff of Olmsted county, and as such sheriff, by virtue of a writ of attachment issued out of the district court for that county against the property of one Daniel W. Haynes, at the suit of C. H. Kellogg, T. B. Kellogg and P. Johnson, levied upon certain personal property. The plaintiff claiming to have purchased the property levied upon from Haynes, and to be the owner thereof, brought this action in said court to recover back the same. The case comes to this court by an appeal taken by the defendant from an order denying his motion for a new trial, after verdict for the plaintiff. The defendant contends that the court erred, in excluding evidence offered by him on the trial to prove that the sale from Haynes to plaintiff was fraudulent, on the ground that the character of such sale was not in issue; and also in instructing the jury that for the same reason "they should not take into consideration whether the sale was fraudulent." The pleadings are sufficiently stated in the syllabus.

HENRY C. BUTLER, for Appellant.

TOLBERT & GEORGE, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The Gen. Stat. ch. 41, sec. 15, provide that: "Every sale made by a vendor of goods and chattels in his possession or under his control, * * unless the same is accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things sold, * * shall be presumed to be fraudulent and void, as against the creditors of the vendor, * * * unless those claiming under such sale, * * make it appear that the same was made in good faith, and without any intent to hinder, delay or defraud such creditors."

The defendant contends, that under the complaint in this action, it was necessary for the plaintiff to show, that the sale from Haynes to himself of the property which the defendant attached on the writ against Haynes, was made to him in good faith. That, therefore, the good faith of the sale from Haynes to plaintiff, was directly in issue; that, therefore, the court below erred in excluding the evidence of defendant upon that issue, and in instructing the jury that they should not take into consideration whether the sale was fraudulent, as no issue was made on that point.

The necessity, aforesaid, on the plaintiff's part, of proving such good faith, arises, it is contended, from the alleged fact, that, upon the complaint, it would seem to be true that the creditors of Haynes attached the property while it was in Haynes' possession.

This position, is, in our judgment, altogether incorrect.

In the first place, the complaint while it sets forth a taking by the defendant on a writ of attachment "in the suit wherein C. H. Kellogg, T. B. Kellogg and P. Johnson were plaintiffs, and Daniel W. Haynes was defendant," contains nothing which can be construed into an admission that such plaintiffs had a cause of action against Haynes, constituting them his creditors.

Livingstone v. Brown.

Nor, secondly, does it allege or admit that Haynes was in possession.

The defendant insists, however, that inasmuch as it alleges that on the next day after the taking, plaintiff served upon defendant the notice, demand and affidavit provided for by Gen. Stat. ch. 66, sec. 137; and inasmuch as no such affidavit, notice or demand would have been necessary, unless the property had been in Haynes' possession, [9 *Minn.* 97; 14 *Minn.* 163] such allegations show that it *was* in his possession.

The complaint states a good cause of action, irrespective of the notice, &c., that is, on the face of the complaint, they are irrelevant.

To make them relevant, says the defendant, it was necessary that Haynes should have been in possession; therefore, " it appears from the complaint that he *was* in possession."

In other words, the insertion of that which is apparently irrelevant, amounts in pleading to an admission of whatever would make it relevant.

But, in the present case, the possession of Haynes would not be enough, *per se*, for the defendant's purpose, since such notice, &c., would not have been necessary, unless the property was taken by the sheriff while in Haynes' possession under circumstances which would create a presumption *prima facie* of ownership in him. [14 *Minn.* 167.]

To sustain the defendant's position, then, this complaint must be taken to disclose, not only the possession of Haynes, but also the circumstances, above mentioned.

It is quite clear that the character of the sale was not in issue, and that the charge and rulings of the court in that respect were correct.

Order denying new trial affirmed.