MARK D. FLOWER *vs.* JOHN GRACE.

May 22, 1876.

**New Trials.**—An order allowing a new trial reversed, it appearing not to have been granted upon any ground upon which it could properly have been granted.

Appeal by defendant from an order of the district court for Ramsey county, *Stearns*, J., presiding, (acting for the judge of the second district,) granting a new trial.

*Hauser & Robinson*, for appellant.

*H. A. Castle*, for respondent.

BERRY, J. In this case defendant had a verdict; but, upon plaintiff's motion, upon a case settled, a new trial was granted. The record does not disclose the grounds upon which the motion was based. As no exceptions were taken

---

by the plaintiff, and no question of excessive damages is raised, it could properly be based only upon the ground that the verdict was not justified by the evidence, and of course it could not be properly granted upon any other ground. The order granting the new trial was accompanied by this memorandum, signed by the judge, viz. : "I grant this motion in the exercise of a discretion with which I deem the law has vested me, and in furtherance of substantial justice. One reason for granting the motion is that I think it probable the jury were unduly influenced by the testimony of the defendant, commencing at line 145, case, admitted without objection, and not commented upon by the court." Whatever may have been the grounds upon which the new trial was granted, it is apparent from this memorandum that it was not upon the ground that the verdict was not justified by the evidence. The reason specially assigned by the court is unsound. The testimony referred to was not only not objected to, but it was entirely harmless. This was an action of claim and delivery, in which plaintiff sought to recover the possession or value of twenty cases of boots. The defence was that defendant, as sheriff, by virtue of an execution issued upon a judgment against Stewart & Co., levied upon the same, and took them "into his possession, from the possession of said Stewart & Co." The plaintiff's theory was that the property in controversy was in his possession at the time when it was levied upon and taken. The defendant's theory was that it was in the possession of Stewart, who constituted the firm of Stewart & Co. There was testimony in the case having a tendency to sustain each of these theories. Now, the testimony referred to in the memorandum was "that there was no affidavit of the plaintiff's claim of title to these goods served in this case." This testimony was evidently introduced with reference to Gen. St. c. 66, § 137, as, in effect, construed in *Barry* v. *McGrade*, 14 Minn. 163, and the worst that can be said of it is that it was superfluous, as going to prove

something which the law would imply in the absence (as in this case) of evidence affirmatively showing the service of the prescribed affidavit. As there is certainly evidence in the case upon which the jury might have arrived at their verdict, and as the order allowing the new trial appears not to have been granted upon the insufficiency of the evidence to justify the verdict, we perceive no ground upon which it can be sustained, and it is accordingly reversed.