# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

GEORGE W. TYLER *vs.* AMASA B. HANSCOM and others.

May 5, 1881.

**Notice to Sheriff before Suit.**—The provisions of Gen. St. 1878, c. 66, § 154, that no claim by a stranger to the suit, against the sheriff, for property levied upon or taken by virtue of a writ of attachment or execution, shall be valid, unless the claimant shall serve upon the sheriff an affidavit setting up his title, and the grounds thereof, etc., apply only to cases where the property was levied upon or taken by the sheriff while in the possession of the defendant in the writ, or his agent, under circumstances which would create a presumption *prima facie* of ownership in him; following and applying *Barry* v. *McGrade*, 14 Minn. 163.

**Estoppel in pais—Declarations.**—Certain declarations *held* not to have the effect of an estoppel *in pais*, on the ground that they were insufficient to warrant the conclusion claimed from them, and not made under such circumstances as to justify such conclusion.

Action for the conversion of a frame building. The plaintiff, in his complaint, alleges that on and prior to July 29, 1878, plaintiff was owner and entitled to the immediate possession of a frame building, situate on certain described lots in the village of Willmar, in Kandi-

yohi county and of the value of $600. That prior to July 29, 1878, the defendants Hanscom & Mountain caused to be issued a pretended execution against one Henry Hayes, on a pretended judgment against him in their favor, and delivered such execution to the defendant Quist, sheriff of the county, and directed him to levy upon and take the building, though well knowing it to be the plaintiff's property. That on July 29, 1878, the defendant Quist, by virtue of the pretended execution and by direction of Hanscom & Mountain, wrongfully and unlawfully levied on and took the building. That on August 8, 1878, the plaintiff caused to be served on Quist a notice of the ownership of the building and a demand for its surrender, with which demand Quist has ever refused and still refuses to comply; and that on August 10, 1878, Quist, by direction of Hanscom & Mountain, (all of them knowing the building to be plaintiff's property,) wrongfully and unlawfully exposed for sale and sold the building, and converted it to the defendant's own use, to plaintiff's damage in the sum of $600, for which sum judgment is demanded. The defendants pleaded and justified under the judgment, execution and levy complained of.

At the trial in the district court for Kandiyohi county, before *Macdonald*, J., (acting for the judge of the 12th district,) the plaintiff had a verdict for $255.10; a new trial was refused, and the defendants appealed.

*Campbell, Spooner & Julian*, for appellants.

*Jenness & Ransom*, for respondent.

CLARK, J.* The complaint in this action contains all the requisite allegations to make out a cause of action, for the taking by the defendants, and conversion to their own use, of a frame building, the personal property of the plaintiff. The answer admits the taking of the building, and alleges that it was then the property of one Hayes, and justifies the taking under and by virtue of an execution in the hands of the defendant Quist, as sheriff of Kandiyohi county, issued on a judgment recovered in a justice's court, by the defendants Hanscom & Mountain against said Hayes, and alleges that the building was duly advertised and sold to satisfy such judgment. The case was tried by a jury, and a verdict rendered for the plaintiff. The

*Cornell, J., owing to illness, took no part in this case.

defendants moved, upon a statement of the case, for a new trial, which was denied, and the case is brought to this court by appeal from the order denying such motion. When the plaintiff rested his case, the defendants moved the court to dismiss the action, on the ground that the plaintiff had failed to make out a cause of action, which motion was denied, and the defendant excepted.

It appeared from the evidence that the defendant Quist, on the 29th day of July, 1878, as sheriff, levied upon the building, under and by virtue of the execution described in the answer, as the property of Hayes, and, on the 10th day of August, 1878, sold the same to satisfy the judgment; but no evidence was introduced of the service by the plaintiff of any affidavit setting up his title and claim to the building, in accordance with the requirements of Gen. St. 1878, c. 66, § 154. The defendants urge that the service of such affidavit was necessary to the maintenance of the action.

In *Barry* v. *McGrade*, 14 Minn. 163, it was decided that a like statutory provision was intended to apply only to cases where the property was levied upon or taken by the sheriff, while in the possession of the defendant in the process, or his agent, under circumstances which would create a presumption, *prima facie*, of ownership in him.[*] The testimony on the point of possession was meagre, and, substantially, as follows: The plaintiff testified that he bought the building of Hayes on the 10th day of June, 1878, and took from him a bill of sale thereof; that it was used by Hayes at the time he bought it; that Hayes then delivered to him the key of the building, which he held till the sheriff took possession, July 29, 1878, and that he had no other possession of the building, and that Hoyt continued to occupy the building after June 10th, but he did not know the extent of his occupancy. The character of Hoyt's occupation does not appear. The building was on the land of the defendants Hanscom and Mountain. Upon this state of the testimony, we do not think the court below could properly hold, as matter of law, that the building, at the time it was seized, was in the possession of Hayes or his agent, under circumstances which would create a presumption of his ownership thereof, and the motion to dismiss was, therefore, properly denied.

[*]And see *Bailey* v. *Chandler*, 27 Minn. 174, and cases cited.—[REPORTER.

The defendants also excepted to the rejection of certain evidence offered by them, with a view of establishing an estoppel *in pais* against the plaintiff, for the proper consideration of which it is necessary to observe that the pleadings admitted that, after the levy and before the sale under the execution, the plaintiff served upon the sheriff a notice of his ownership of and claim to the building, and demanded a surrender of the possession thereof to him, which was refused. It was admitted on the trial that the plaintiff, by his attorney, was present at the time of the sale under the execution, and forbade the sale. The defendant Mountain testified in his own behalf that the sheriff told Hanscom and himself that the plaintiff had served upon him an affidavit claiming the property, and that, in a subsequent conversation with the plaintiff, in which the levy was talked over, the plaintiff stated to him that he had nothing whatever to do with the building until it was moved off the defendants' lots, and no claim upon it until it was so moved, and that, after that, they directed the sheriff to complete the sale. The witness was then asked the following question: "State whether, in consequence of, and relying upon, the statements of the plaintiff to which you have testified, you directed the sheriff to complete the sale upon the levy as he has stated he did." The defendant Hanscom, having testified to the same conversation, was asked the following question: "Would you and Mr. Mountain have directed the sheriff to sell the property in question after the notice was served on the sheriff, but for the statements you have testified the plaintiff made?" These questions were severally objected to by the plaintiff's counsel as incompetent and immaterial. The defendants' counsel stated the object of the testimony to be, to show that the plaintiff misled them, and is now estopped from claiming to be the owner of the building. We are of opinion that the statements of the plaintiff testified to were not of a character, or made under such circumstances, as to estop the plaintiff to claim the building, if the defendants had relied and acted upon them. To give to a declaration the effect of an estoppel, it must be sufficient to warrant the conclusion which is drawn from it, and made under such circumstances as to justify such conclusion. The statement that he had nothing to do with the building, and no claim upon it until it was moved off the

defendants' lots, was not a disclaimer of all present title or interest in the building, but implied the contrary. It did amount to a disclaimer of any right to the use of the defendants' lots in connection with it, but, by plain implication, asserted a claim to the building, and was not so far inconsistent with the other formal notifications of ownership, above mentioned, as to justify the defendants in disregarding them.

The views above expressed cover the other exceptions in the case, and the order appealed from is affirmed.

