## W. H. CARPENTER *vs.* W. J. BODKIN, Sheriff.

### December 9, 1886.

Attachment—Claim by Third Person — Sufficiency of Affidavit. — A statement in the affidavit provided for by Gen. St. 1878, *c.* 66, § 154, that the claimant is the owner of the property, is a sufficient statement of the ground of his title or right to possession.

Same—Affidavit by Agent.—An agent making such affidavit may state the facts as upon information furnished him by his principal.

Same — Substantial Compliance with the Statute Sufficient. — Where the affidavit is made in good faith, for the purpose of complying with the statute, and it is regarded and treated by all the parties—by the person making it, the sheriff, and the plaintiff in the writ—as a compliance, and it serves the purpose intended by the statute, so that the sheriff, by reason of it, procures indemnity against the claim, it will, although literally defective, be regarded as a substantial compliance.

Action brought in the district court for Clay county to recover damages for the taking and detention of a buggy, alleged to be plaintiff's property, and taken by defendant, as sheriff, from the possession of one Gallup by virtue of a writ of attachment issued in an action on a foreign judgment against Gallup. At the trial, before *Collins,* J., and a jury, the plaintiff had a verdict. A new trial was refused and judgment entered, from which the defendant appeals.

*John T. Brown* and *Boyeson & Phelps,* for appellant.

*H. F. Miller* and *J. E. Greene,* for respondent.

GILFILLAN, C. J.   Three objections seem to be taken to the affidavit of claim to the property served, on behalf of plaintiff, on the defendant:

1. It does not state the ground of plaintiff's right or title to the property. It states that plaintiff is the owner. This is a sufficient state-

ment of the ground of title or right to the possession. If the right to the possession were claimed on anything less than the absolute ownership, it might be necessary to state the grounds of the claim with more particularity; but, where the claimant claims to be owner, we do not think the statute intended to require of him to state how he became such.

2. The affidavit, which was made, not by the party, but by his agent, states that he makes it on information furnished him by his principal. That, we think, is permissible under the statute that allows the affidavit to be made by the claimant, or his agent or attorney. The statute would be a hard one if it did not, for there must happen a great many cases where the claimant, from absence or other causes, cannot make it. And in such cases the agent or attorney can rarely know the facts of his own knowledge, or except as he is instructed or informed by his principal. As the affidavit is not in the nature of evidence of the facts stated in it, but only of notice to the sheriff, we see no reason why the agent or attorney may not make the affidavit on information derived from his principal.

3. The levy was on the 14th. The affidavit was made the next day, and states, in the present tense, that the plaintiff "is the sole owner of" the property. Literally, this is insufficient, for the affidavit should state or show the claimant's ownership, where the right to the possession depends on that, at the time of the levy, as well as at the time when he demands the delivery to him by the sheriff. But it appears to have been made in good faith, and for the purpose of complying with the statute. All the parties—the agent making it, the sheriff, and the plaintiff in the attachment—regarded and treated it as a compliance with the statute, and it served the principal purpose intended by the statute; that is, it enabled the sheriff to procure, and by reason of it he did procure, the statutory indemnity against the claim. Where such is the effect of a *bona fide* attempt to comply with the statute, it ought, as against any such literal defect in the affidavit, to be regarded as a substantial compliance.

Judgment affirmed.