CHARLES P. HAZELTINE *vs.* PETER P. SWENSEN.

May 15, 1888.

**Fraudulent Conveyance — Sufficiency of Evidence.**— The evidence in this case examined, and *held* not sufficient to warrant the verdict.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea,* J., presiding, refusing a new trial, after verdict for defendant.

*H. A. Odell,* for appellant.

*Robinson & Baker,* for respondent.

COLLINS, J. This is an action of claim and delivery, in which defendant secured a verdict. From an order refusing a new trial the plaintiff appeals, presenting for our consideration the single question of the sufficiency of the evidence to sustain such a verdict. The answer puts in issue the allegations of the complaint as to plaintiff's ownership, right of possession, the wrongful and unlawful taking, and demand. It alleges that in the months of May and June, 1886, judgments were duly rendered in favor of certain plaintiffs, and against the Sperry Feeder Company, a partnership, (which judgments are fully described,) and that, by virtue of executions issued upon these judgments, the property was duly seized by defendant as the sheriff of Hennepin county, and was so held when this action was brought; and that, at the time of the said seizure, the property was that of the judgment debtors, who were then entitled to the immediate possession thereof. The brief of the appellant states that but two questions were involved in the trial: *First,* the ownership, and, *second,* the

possession, of the property at the time of the levy. By inference the respondent admits this; for he does not controvert the appellant's assertion, and fails to inform us upon what point or what evidence he relies. Nor are we advised upon what theory the case was tried below. If the defendant claims that it was incumbent upon plaintiff to show the making of the affidavit prescribed in Gen. St. 1878, c. 66, § 154, we must say that the testimony is clear that, when the levy was made, the latter was in undisputed possession, and hence the affidavit was not essential. Again, while the answer denies, in a general way, plaintiff's possession, it does not allege it ever to have been in the judgment debtors. It simply avers that they were entitled to such possession. Or if, upon the trial, the issue was on plaintiff's ownership alone, he must prevail, because the testimony to this effect is beyond doubt. But, if defendant insisted that the alleged sale was fraudulent as to these creditors, it is barely possible that the verdict can be justified by reason of a part of the testimony, which does not seem to have been introduced or drawn out of the witnesses with that design. The sale, which, as we have before remarked, seems to have actually taken place in February, was several months before the judgments in question were rendered; but upon the cross-examination of plaintiff he admitted that he knew the judgment debtors, of whom he purchased, were in debt, and he thought to the parties interested herein. And, upon the examination of one of these parties by defendant, it appeared somewhat indirectly that the indebtedness to him accrued some four months prior to the alleged sale. On this testimony alone, upon the bare possibility of fraud, the assertion that the sale was colorable ought not to be maintained. Unadvised, as we have said, upon what ground the prevailing party below claims that the order refusing a new trial can stand, we have carefully, but unsuccessfully, scrutinized the testimony as presented in the paper-book, in the expectation that somewhere in its pages might be found sufficient to extricate the verdict from the charge that it is wholly unsupported by the evidence. The order denying a new trial is therefore reversed.

NOTE.—A motion for reargument of this case was denied June 15, 1888.