CHARLOTTE A. HEBERLING vs. JEHIEL W. JAGGAR.

July 28, 1891.

**Execution—Sale of Property of Third Person.**—The personal property of A. cannot lawfully be seized and sold under an execution against B., although the latter has it in his possession as agent or bailee for the owner.

**Same—Innocent Purchaser Liable for Conversion.**—An innocent purchaser of it at the execution sale is liable to the owner as for a conversion.

Appeal by plaintiff from an order of the municipal court of St. Paul, refusing a new trial, after a dismissal ordered at the trial, of an action for conversion of an office desk, of the value of $50.

*Sheehan & Cannon*, for appellant.

*Thompson & Taylor*, for respondent.

DICKINSON, J. This is an action for the conversion of an office desk. At the trial, in the municipal court of St. Paul, the action was dismissed when the plaintiff rested her case. The plaintiff showed a purchase of the property by her from one Ogden in 1889, and that she authorized one John M. Heberling, her brother-in-law, to sell it for her, and it was in his possession when, as the defendant claims, in October, 1890, it was seized under an execution as the property of John M. Heberling, and sold under the execution, the defendant being the purchaser; and he afterwards disposed of the property by sale. This made a case upon which the plaintiff was entitled to recover. The statute of frauds is relied upon by the respondent as affecting the plaintiff's title; but that has nothing to do with the case. The defendant traces no right of property back to the plaintiff's vendor, Ogden, and the fact that the property remained in the possession of Ogden for some months after the sale raised no legal presumption against the plaintiff's title. The fact was shown of the sale to the plaintiff by Ogden, that the property had been delivered by the seller, and was in the possession of John M. Heberling as agent of the plaintiff, or as bailee for her, when it is claimed to have been levied upon as the property of the latter. The right of the owner, other than the defendant in the execution, to recover against the purchaser

at the execution sale is not affected by the fact there was never any affidavit of title served upon the officer, as specified in Gen. St. 1878, c. 66, § 154. That statute was intended for the protection of the officer in the discharge of his duties. Its provisions do not extend so far as to protect the purchaser at the execution sale, and it has no application or effect in this case. By the sale under the execution against the property of John M. Heberling the plaintiff's title was not divested. The defendant in the execution had no title, the plaintiff owning the property, as the case shows. There was no legal authority for the sale of her property, and the purchaser not only acquired no rights by the sale, but, having assumed to deal with the property as his own, by taking possession of and selling it, he became liable to the true owner as for a conversion. *Champney* v. *Smith*, 15 Gray, 512; *Bryant* v. *Whitcher*, 52 N. H. 158; *Coombs* v. *Gorden*, 59 Me. 111.

Order reversed.