(Opinion published 52 N. W. Rep. 27.)

MATHEA GRANNING *vs.* PETER P. SWENSON.

Submitted on briefs April 11, 1892. Decided April 27, 1892.

**Notice under 1878 G. S. Ch. 66, § 154 — When not Necessary.—**
A married woman contracted for the purchase of land, purchased lumber, and was erecting a house thereon, when the sheriff seized the lumber under execution against her husband. In an action by the wife against the sheriff, *held*, that the case justified a conclusion that the lumber when it was seized was in the possession of the plaintiff, and not in that of her husband, so as to create an appearance of ownership in him; and hence (following former decisions) that the plaintiff might recover against the sheriff, even though the statutory affidavit giving notice of her title had not been served on him.

**Evidence—Schedule made by Witness.—**A written memorandum or schedule of property, made by a witness who had examined the property, is not competent evidence to show of what the property consisted.

**Impeaching Witness by Proof of his Contradictory Statement.—**
The rule that statements of a witness inconsistent with his testimony

are not to be received for the purpose of impeachment, unless the attention of the witness has been called to them, applied.

**Newly-Discovered Evidence.**—The discretion of the court in refusing to allow a new trial, on the ground of newly-discovered evidence, sustained.

Appeal by defendant, Peter P. Swenson, Sheriff, from an order of the District Court of Hennepin County, *Lochren*, J., made June 27, 1891, denying his motion for a new trial.

Action by Mathea Granning, plaintiff, to recover damages for taking by defendant, as Sheriff of Hennepin County, of a quantity of lumber of the value of $400, which she claimed belonged to her. The defendant answered that he was Sheriff, and had a writ of execution against Brown M. Granning, her husband; that the lumber belonged to, and was in the possession of, the husband; and that defendant took it under the writ. The action was brought to trial May 25, 1891.

Before commencing the action, plaintiff served on the Sheriff notice that the lumber did not belong to her husband, and demanded that defendant leave it in her possession, but made no affidavit of her title thereto or of her right to its possession or its value. When seized by the Sheriff, the lumber was lying on a lot of which she had possession under a contract of purchase. When the evidence was all given, defendant requested the court to instruct the jury to return a verdict for the defendant, on the ground that no such affidavit had been served on the Sheriff. The court refused, and the defendant excepted.

On the trial, defendant offered to show by the witness Borreson that, in a conversation witness had with plaintiff's husband, he stated to the witness that he was erecting the house upon this lot on which this lumber was to be used, and was going to get a loan on it and go back to the old country. Plaintiff objected to the evidence as incompetent, and the court sustained the objection. The defendant excepted to the ruling, and in this court made this his seventh assignment of error. While testifying, the husband had been asked if he knew Borreson. He replied that he knew the "gentleman sitting there with glasses," but his name was not Borreson; that he had

some conversation with that gentleman, but not about the lot or who owned it, nor had he stated to that gentleman that he was going to erect a building there, or borrow money on it, or go back to Europe. The jury returned a verdict for the plaintiff for the value of the lumber.

On June 27, 1891, defendant made a motion for a new trial, on the ground of newly-discovered evidence and for errors in law occurring at the trial and excepted to by defendant, and that the verdict was not justified by the evidence.

The newly-discovered evidence was, that the husband told Lacy, who sold the lumber to plaintiff, that he (the husband) could not build the house in his own name, as there were judgments against him; that he would turn over to Lacy any judgment his wife should recover in this action; that he owned the lot, but had to put the title in the name of his wife to keep it so that creditors could not get it.

As this was not evidence in chief, and was material only to discredit the evidence of the husband, the trial court regarded it insufficient to support the application on that ground.

*Willis A. McDowell,* for appellant.

1878 G. S. ch. 66, § 154, provides, as a condition precedent to maintaining an action against a sheriff, that a demand supported by affidavit should be first made. This provision applies only where property is found in the possession of the defendant in the execution. The title to the lot upon which the house was being erected was in a Mrs. Walker. On October 25, 1890, the plaintiff entered into a contract with her to purchase it, which contract remained in the hands of Thorpe Bros., the agents of Mrs. Walker. Plaintiff did not in fact have possession of the lot, or of the material in question, at any time, and this demand and affidavit were necessary. *Barry* v. *McGrade,* 14 Minn. 163, (Gil. 126.)

The memorandum of the items made by the witness at or near the time of the transaction should have been received in evidence, and should have gone to the jury for the purpose of refreshing their rec-

ollection as to what the testimony was; it is asking too much to expect the jurymen to recollect and carry in their minds all the items of such a bill. *Tuttle* v. *Robinson*, 33 N. H. 104; *Webster* v. *Clark*, 30 N. H. 245.

A new trial should have been granted for newly-discovered evidence. Had the defendant had the benefit of the testimony of Lacy as set out in the affidavits, the jury would have given a different verdict in this matter.

*Gjertsen & Rand*, for respondent.

The property levied upon was in the possession of the plaintiff. She had purchased the real estate and entered into a contract for a deed. She had purchased the lumber from Lacy & Co., in her own name and upon her own credit. Henry Olsen was her foreman, and had charge of the building. *Jones* v. *Town*, 26 Minn. 172; *Tyler* v. *Hanscom*, 28 Minn. 1; *Ohlson* v. *Manderfeld*, Id. 390.

A memorandum made by an expert witness in the examination of the property in controversy, subsequent to the suit, for the purpose of aiding his memory as to quantity, quality, and price, cannot be admitted as evidence. It is competent for a witness to use such memorandum for the purpose of refreshing his memory, and from it he may testify; but that does not entitle the memorandum itself to go in as evidence in the case.

The newly-discovered evidence could be admitted only for the purpose of discrediting the testimony of one of the witnesses for the plaintiff. For that reason it is not such newly-discovered evidence as would entitle the defendant to the relief sought. *Mead* v. *Constans*, 5 Minn. 171, (Gil. 134;) *State* v. *Wagner*, 23 Minn. 544; *Peck* v. *Small*, 35 Minn. 465; *Lampsen* v. *Brander*, 28 Minn. 526.

DICKINSON, J. This action is to recover the value of a quantity of lumber seized by the defendant, the sheriff of Hennepin county, under an execution against the property of the plaintiff's husband. It appeared on the trial that the plaintiff had entered into a contract for the purchase of certain lots of land, and the evidence

tended to show that she had purchased this lumber, which had been delivered on such lots, and that she was having a house erected thereon. She lived with her husband elsewhere.

Upon the question of fact as to whether the plaintiff or her husband had purchased this lumber, the verdict of the jury is conclusive.

The plaintiff showed that, after the levy by the defendant, she caused a written notice of her claim to be served on him; but it did not appear that her notice of claim was supported by affidavit, in accordance with the provisions embraced in 1878 G. S. ch. 66, § 154, and for that reason the defendant moved that the jury be instructed to return a verdict in his favor. This motion was properly refused, for the case was certainly not such that the court could hold, as a necessary conclusion from the evidence, that the lumber was in the possession of the plaintiff's husband, and not in the possession of the plaintiff. It has several times been decided that the statute above cited is only applicable in cases where the property seized has been found in the possession of the defendant in the writ so as to create an appearance, or a *prima facie* presumption, of ownership in him. *Barry* v. *McGrade*, 14 Minn. 163, (Gil. 126;) *Tyler* v. *Hanscom*, 28 Minn. 1, (8 N. W. Rep. 825;) *Ohlson* v. *Manderfeld*, 28 Minn. 390, (10 N. W. Rep. 418.) The court could not have granted the requested instruction without deciding in favor of the defendant an issue of fact as to the possession, concerning which the evidence was at least as favorable to the plaintiff as to the defendant.

There was no prejudice to the defendant in showing that he was notified of the plaintiff's claim after he made the levy.

There was no error in refusing to receive in evidence the list or schedule of the lumber made by the witness Perkins. The defendant was not denied the right to show by this witness what the lumber in question consisted of, but the written statement which he had made of it was not competent evidence of the fact. It was not even shown by the testimony to have been a correct statement.

Concerning the seventh assignment of error, it is enough to say that the offered testimony of the witness Borreson was only admis-

:sible, if at all, to impeach the testimony of the plaintiff's husband; and the record does not show that the proper foundation was laid by first calling the attention of the latter to the impeaching statements concerning which the testimony of Borreson was offered. We have not overlooked the testimony of plaintiff's husband regarding a similar conversation. Whether the witness Borreson was the same person there referred to as the "gentleman sitting there with glasses," and whose name, as Granning testified, was *not* Borreson, does not appear.

The discretion of the court was certainly not exceeded in denying a new trial upon the ground of newly-discovered evidence.

Order affirmed.

.(Opinion published 52 N. W. Rep. 30.)