JACOB SCHNEIDER v. NELS ANDERSON and Another.

June 22, 1899.

Nos. 11,681—(33).

### Conversion by Sheriff—Chattel Mortgage.

This action was for the conversion of live stock and other property. The plaintiff claimed title by virtue of a chattel mortgage thereon; and the defendant, as sheriff under an execution levy. It is *held*:

### Pleading before Amendment of Statute—Good Faith.

The complaint stated a cause of action, and the evidence justified the court's finding that the mortgage was executed in good faith, and not for the purpose of defrauding any creditor.

### Description.

A description of the property, in a chattel mortgage, which will enable a third person, aided by inquiries which the mortgage indicates, to identify the property, is sufficient. The finding of the court that the property converted was the same as that described in the mortgage is sustained by the evidence.

### Affidavit of Title—G. S. 1894, § 5296.

The affidavit of title required by G. S. 1894, § 5296, to be made by a third party when he claims property levied upon by the sheriff, is sufficient if it fairly informs the officer of the general nature of the title or

claim of the party to the property. The affidavit served in this case was sufficient.

Action in the district court for Brown county against Nels Anderson, sheriff of said county, and Anton Adam for conversion. The case was tried before Webber, J., who found in favor of plaintiff; and from an order denying a motion for a new trial and from a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Jos. A. Eckstein* and *Lind & Somsen,* for appellants.

*C. A. Hagberg, F. Baasen* and *Einar Hoidale,* for respondent.

START, C. J.

Action for the conversion of certain horses, cattle, and other personal property, which was commenced December 9, 1896. The plaintiff claimed title to the property by virtue of a chattel mortgage thereon; and the defendant as sheriff by virtue of a levy thereon under an execution issued on a judgment in favor of the defendant Adam and against the mortgagor. The cause was tried by the court without a jury on October 15, 1897.

The trial court made its findings of fact to the effect that the mortgagor was indebted to the plaintiff in the sum of $500, and for the purpose of securing its payment executed to him a chattel mortgage on the personal property described in the complaint; that the mortgage was duly filed, and that it was made, executed, delivered, and accepted in good faith by all the parties thereto, and not for the purpose of defrauding the creditors of the mortgagor, or any of them, and that it has not been paid; that the defendants on August 26, 1896, converted the property to their own use, to the damage of the plaintiff in the sum of $577.76, for the recovery of which judgment was directed in favor of the plaintiff against the defendants. The defendants made a motion for a new trial, which was denied, and judgment entered on the findings. The defendants appealed from the order denying the motion, and from the judgment.

1. The first claim made by the defendants is that the complaint does not state a cause of action. It sets out the source of the plaintiff's title to the chattels, his mortgage thereon, and alleges that the

mortgage was duly filed and executed in good faith, and not for the purpose of defrauding any creditor of the mortgagor.

When the action was commenced and the complaint made, the statute (G. S. 1894, § 4129) provided that every chattel mortgage not accompanied by a change of possession of the mortgaged property should be void as to creditors and purchasers, unless it appear that it was duly filed and executed in good faith, and not for the purpose of defrauding any creditor. But, more than four months after the action was commenced, the complaint made, and the pleadings closed, section 4129 was amended by Laws 1897, c. 292, to the effect that it must appear that the mortgage was not executed for the purpose of "hindering, delaying or defrauding any creditor of the mortgagor." Hence the defendants urge that the complaint should have alleged that the mortgage was not executed for the purpose of hindering, delaying, or defrauding the creditors of the mortgagor, and therefore it does not state a cause of action. The complaint stated a cause of action when it was made, and the plaintiff's cause of action was then complete. If the amendment has any application to this action, it is as a rule of evidence, and not of pleading. The complaint states a cause of action.

It is further claimed that the finding of the trial court to the effect that the mortgage was executed in good faith, and not for the purpose of defrauding creditors, is not sustained by the evidence. There was ample evidence given on the trial without objection to justify the conclusion that the mortgage was executed for the purpose of securing an honest debt, and for no other purpose. The finding is sustained by the evidence.

2. The defendants also claim that the trial court erred in finding that the property described in the complaint which was levied on by them was the same property described in the chattel mortgage. The property, as described in the mortgage, did not correspond with the description of the property in the complaint, in some particulars; but the mortgage recited that all the property was then in the possession of the mortgagor, in a specified town.

A description of the property mortgaged which will enable third persons to identify the property, aided by inquiries which the mortgage indicates, is sufficient. Eddy, Fenner & Co. v. Caldwell, 7

Minn. 166 (225); Adamson v. Horton, 42 Minn. 161, 43 N. W. 849; Barrett v. Fisch, 76 Iowa, 552; 14 Am. St. Rep. 239, note (s. c. 41 N. W. 310). Tested by this rule, the description of the property in the mortgage in question was sufficient to create a lien on the property described in the complaint. Any one finding the live stock described in the mortgage in the possession of the mortgagor could not well be mistaken as to its identity. On the trial there was evidence tending to identify the property taken by the defendants and described in the complaint as the same property which was described in the mortgage. This was a question of fact for the trial court, and its finding is sustained by the evidence, except as to one set of fly nets, of the value of $1.50, which was not described in the mortgage. But it was admitted on the trial, as we understand the record, that the fly nets were a part of the mortgaged property. The trial court was certainly justified in so concluding.

3. The only remaining assignment of error meriting consideration is that the affidavit of plaintiff's claim to the property served on the defendant sheriff, as required by G. S. 1894, § 5296, was insufficient.

This statute is for the protection of the officer only, and, if it be conceded that the affidavit was insufficient, it could not affect the liability of the defendant Adam for the conversion of the property. Heberling v. Jaggar, 47 Minn. 70, 49 N. W. 396. The affidavit, however, was sufficient. It stated that the plaintiff was the owner and entitled to the possession of the property (describing it), and that the ground of his title thereto was a chattel mortgage, to secure the sum of $500, executed by the mortgagor and execution debtor (naming him). It stated the date of the mortgage, and where filed, and that it was given in good faith, and that no part of the indebtedness secured thereby had been paid. It did not directly state that the mortgage was made to the plaintiff, or that the mortgagor was the owner of the property when the mortgage was given. The affidavit is not to be technically, but reasonably, construed. It fairly informs the officer of the general nature or basis of the plaintiff's title or claim to the property. The sheriff could not fail to understand that the plaintiff claimed to be the owner of the property by virtue of a chattel mortgage from the execution debtor to him, to secure the payment of $500, no part of which was paid. The affidavit was

a substantial compliance with the statute.   Williams v. McGrade, 13 Minn. 165 (174).

Order and judgment affirmed.