CHARLES L. WOOD v. AUGUST L. MATTER.[1]

December 19, 1902.

Nos. 13,267—(157).

**Levy on Execution—Affidavit of Claimant.**

Where property is seized under execution against a person other than the true owner, the affidavit provided for in G. S. 1894, § 5296, as a prerequisite to an action for its recovery, or for damages, is not necessary when, at the time of its seizure, it is in the lawful possession of the claimant.

**Evidence.**

Evidence considered, and *held* sufficient to sustain a verdict depending on the essential fact that the purchaser of furniture in a hotel had possession thereof sufficient to create the prima facie presumption that he was operating the place and in control of its business.

Appeal by defendant from a judgment of the district court for Brown county, Webber, J. Affirmed.

*Hoidale & Somsen,* for appellant.

Although, as between vendor and vendee and as against strangers and trespassers, the title to personal property passes by sale without delivery, the same rule does not apply as against creditors and an officer acting for the creditors. As against these there must not only be a change of possession as between the parties, but the change of possession must be so open and apparent that it can be observed and noted without special investigation or inquiry. Claflin v. Rosenburg, 43 Mo. 449; Lay v. Neville, 25 Cal. 546; Brawn v. Kelley, 43 Pa. St. 104; Stiles v. Shumway, 16 Vt. 435;

[1] Reported in 92 N. W. 523.

Hurlburd v. Bogardus, 10 Cal. 519; Freeman, Exns. 758; Packard v. Wood, 4 Gray, 307; Carter v. Willard, 19 Pick. 1. G. S. 1894, § 5296, as amended by Laws 1897, c. 171, is for the protection of the officer and that is its only object. Schneider v. Anderson, 77 Minn. 124.

*Albert Pfaender*, for respondent.

The question of possession was properly submitted to the jury under the circumstances of this case, and their verdict is conclusive against the defendant. 29 Am. & Eng. Enc. (1st Ed.) 774, § 7, note 2; Elwood v. Western, 45 N. Y. 549; Honegger v. Wettstein, 94 N. Y. 261; Nicholson v. Conner, 19 Alb. L. J. 77; Wait v. McNeil, 7 Mass. 261; Harding v. Brooks, 5 Pick. 244; Kennedy v. McQuaid, 56 Minn. 450. All the surrounding circumstances must be taken into consideration in deciding as to the possession. Moulton v. Thompson, 26 Minn. 120; Jones v. Town, 26 Minn. 172; Ohlson v. Manderfeld, 28 Minn. 390; Granning v. Swenson, 49 Minn. 381.

LOVELY, J.

Action to recover personal property taken under an execution. Plaintiff, a third party to the suit in which the process was issued, demanded its return, and brought suit in claim and delivery for the recovery thereof. The cause was tried to the court and a jury. A verdict was returned in favor of plaintiff. Upon a settled case motion for a new trial was made and denied. Judgment was then entered from which defendant appeals.

The question determined by the verdict is one of fact, and involves solely the possession of the property at the time of the levy. The following facts supporting the verdict may be fairly deduced from the evidence: For several months prior to July 27 one Smith was the lessee and landlord of a hotel at New Ulm. On the morning of that day plaintiff arrived at New Ulm from South Dakota, and, after bargaining for the purchase of the hotel business and furniture, concluded the trade. About four o'clock in the afternoon of that day a bill of sale of the furniture was made out and delivered by Smith to plaintiff, who entered immediately into control of the hotel, and assumed the entire man-

agement of its business affairs, while his wife took charge of the help. Supper was provided by the new proprietor, and he collected pay for the only meal served to a guest on that day subsequent to the sale. Smith and his family, consisting of wife, son, and daughter, commenced at once to pack up their personal possessions, and left the city within two days. In the meantime they were the guests of plaintiff. After supper, about seven o'clock, while plaintiff was temporarily absent from the hotel, and while the former proprietor, Smith, occupied his old place in the office behind the desk, defendant, the sheriff of the county, armed with an execution issued upon a judgment in an action against the latter, entered the office for the purpose of collecting the amount due thereon. He had some talk with Smith, and demanded payment of the judgment, which was refused. He then levied upon the furniture which had been sold to plaintiff. Smith informed him after the levy was made that it had been sold, but defendant proceeded with the levy, taking two loads from the building, when plaintiff returned, and immediately presented the bill of sale to defendant, who seemed satisfied, making the remark, "That settles it," and desisted from taking any more property under the process in his hands, but declined to return what he had already taken.

There is no doubt, upon the evidence, that the transfer from Smith to plaintiff must be regarded as having been made for a valuable consideration, and would be binding between the parties; but it is insisted that the fact that Smith was apparently in the control of the hotel, as he had always been, justified the levy, and, before the plaintiff could commence proceedings to recover the furniture from the sheriff, he should have served the affidavit provided for by G. S. 1894, § 5296, relative to property levied upon or taken by a sheriff by virtue of a writ of execution, attachment, or other process claimed by any other person than the defendant or his agent, which was not done in this instance.

At the conclusion of the evidence the trial court, in submitting the case, instructed the jury that, if they found the property in question was at the time of its seizure in the possession of the execution debtor, under circumstances which would create a presumption prima facie of ownership in him, the plaintiff could not

recover. This instruction accurately states the law as it has been repeatedly laid down by this court. Barry v. McGrade, 14 Minn. 126 (163); Tyler v. Hanscom, 28 Minn. 1, 8 N. W. 825; Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418; Granning v. Swenson, 49 Minn. 381, 52 N. W. 30.

But it is claimed to have been the duty of the court to have directed a verdict in favor of the defendant upon the evidence that at the time the sheriff went into the hotel office the appearance of the ex-proprietor behind the desk at his old place created, in the absence of plaintiff from the hotel, such a prima facie appearance of ownership as to preclude the inference of the latter's possession. But this does not follow when the nature of the business and the manner in which a landlord of a hotel usually exercises his possessory rights therein are taken into consideration, for it cannot be expected that in such a business the proprietor will remain in the visible occupation of the office at all times, or can exclude others from being there. A hotel keeper is quite liable to be required in numerous places to provide for the comfort and sustenance of his guests, and this necessity readily suggests temporary absences from the building, and a consequent recognition of the landlord's right of control to the same must be regarded as consistent therewith; so that the question whether plaintiff's possession was lawful, and existed in fact, was, under the evidence, for the jury, who, upon proper instructions, found for the plaintiff.

Other assignments are not considered of sufficient importance to require specific notice.

Judgment affirmed.