WILLIAM MITCHELL, Appellant, v. THOMAS McLEOD, Sheriff, and B. S. NOBLE, Appellees.

**Pledges:** RIGHT OF PLEDGEE IN POSSESSION. One in possession of
1 personal property on an oral agreement with the purchaser that he may retain the possession until repaid the amount advanced to purchase the same, may hold the property against an execution creditor of the purchaser.

**Execution sale:** NOTICE OF OWNERSHIP: WAIVER OF DEFECTS. Notice
2 of ownership of chattels levied upon under execution is for the benefit of the sheriff to enable him to secure an indemnifying bond, and is not for the benefit of the execution plaintiff; and defects in the notice are waived either by giving the bond, or, where the defect appears on the face of the petition, by failure to attack the pleading by motion or demurrer.

**Execution sales:** REPLEVIN OF PROPERTY. An action of replevin will
3 lie against a sheriff or a purchaser from him, in favor of a third person who serves notice of ownership while the sheriff is in possession of the property under the writ, although he may have sold the same prior to commencement of suit. Action on the indemnifying bond is not the exclusive remedy.

**Replevin:** MISJOINDER OF PARTIES. The sheriff and his purchaser
4 under an execution sale may be joined in a replevin action by a third person who served notice of ownership on the sheriff prior to the sale.

*Appeal from Ida District Court.* — HON. Z. A. CHURCH, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION to recover the possession of two windmills, which are claimed by plaintiff as pledgee of the property from one Somme. Defendant McLeod claims to have levied upon and sold the property under an execution issued in an

action brought by defendant Noble against Somme. The case was tried to a jury, and at the conclusion of the evidence the trial court sustained defendants' motion for a directed verdict. Plaintiff appeals. — *Reversed.*

*J. C. Walter,* for appellant.

*Q. A. Woodward* and *W. E. Johnston,* for appellees.

DEEMER, J. — The motion to direct was based upon seven grounds, the material ones of which were as follows: (1) That plaintiff did not show his right to the possession of the property; (2) that he was estopped from asserting any such right; (3) that Somme was the owner of, and entitled to the possession of the windmills at the time they were levied upon by the defendant sheriff; (4) that plaintiff failed to identify the property; and (5) that plaintiff cannot maintain an action of replevin against the sheriff, for the reason that he (the sheriff) did not have the property in his possession at the time the action was commenced. Save the last, each of the questions so presented is primarily one of fact; and, if there was enough testimony to take the case to a jury on these propositions, the trial court was in error in directing a verdict, provided there be nothing in the law point relied upon.

Appellees, in argument, raise the question of misjoinder of parties and of causes of action; but, as this was not presented to the trial court by proper motion, we shall not consider it. True, the defendants, in answer, pleaded misjoinder, but this did not properly raise the issue.

There was testimony tending to show that Somme had a contract with Fairbanks, Morse & Co., whereby he (Somme) could purchase windmills and other property for resale in Ida county, Iowa. Somme did not

1. PLEDGES: rights of pledgee in possession.

have the money whereby to procure the mills in question, and he induced plaintiff to furnish the money therefor, and agreed that the mills should be taken

possession of and held by plaintiff, until Somme should re-
pay the amount of the advancements made.   The mills were
shipped in Somme's name, but were delivered to the plain-
tiff upon arrival in Ida county, who had possession thereof
when they were levied upon by the defendant sheriff under
an execution in favor of defendant Noble.   As they were in
plaintiff's possession under an arrangement with Somme
whereby he (plaintiff) was to hold the property until paid
for, the defendants have no greater right thereto under levy
and sale on execution against Somme than he (Somme)
would have had.   Plaintiff was at least a mortgagee or
pledgee in possession, and there was no necessity for a writ-
ten instrument evidencing the contract.   Plaintiff's posses-
sion gave notice to the world of his rights in and to the
property; hence no recordation of a written instrument was
required.

There was also sufficient testimony identifying the prop-
erty to take the case to the jury on that question.   While
three mills apparently just alike were taken by the sheriff,
but two of them were claimed by plaintiff.   Plaintiff testified,
however, that he left one — the one upon which he had no
claim — in the possession of defendant Noble.   There may
be some question under the testimony as to one of these
mills, but as to the other there is no doubt.

Shortly after the mills were delivered to plaintiff pur-
suant to the agreement before referred to, they were levied
upon by the defendant sheriff, and sold by him to defendant
2. EXECUTION        Noble on July 11, 1903, the day on which this
SALES: notice
of ownership;  action was commenced.   On June 1st plaintiff
waiver of de-
fects.              served a written notice upon the sheriff, in
which he claimed that he was the unqualified owner of the
property levied upon, and which the defendant sheriff then
held in his possession; that "he acquired his title, interest,
and right from Fairbanks, Morse & Co. for a good and valu-
able consideration, to wit, cash sent above firm by me"; and
he demanded the return of the property with damages.   Plain-

tiff had no actual notice when he brought the action that the property had been sold by the sheriff to his codefendant, but when he learned of that fact he filed an amendment to his petition, reciting the fact, and making Noble a party. The statement in the notice that plaintiff was the unqualified owner of the property, with the recitations as to how he obtained his title, are now relied upon by defendants as an estoppel. The object of the notice is to enable the sheriff to secure a proper indemnifying bond. When it has accomplished that purpose, all defects in form or substance are waived. Indeed, if bond be given, no notice seems to be necessary. *Waterhouse v. Black,* 87 Iowa, 317; *Ayres v. Dorsey,* 101 Iowa, 141. Moreover, the alleged defect in the notice appeared upon the face of the petition, and no attack was made upon it by demurrer or motion in arrest. The defect, if there was one, was therefore waived. *Linden v. Green,* 81 Iowa, 365. The notice is not for the benefit of the execution plaintiff, and as to him no notice need be given. *Guest v. Hienly,* 93 Iowa, 183. This being true, there can be no estoppel in favor of such claimant to the property. Notice is for the protection of the officer, and when it has served that purpose it becomes *functus officio.* The sheriff, having secured his indemnity, cannot claim an estoppel. These rules are well settled by authority, and need not be further elaborated.

It is admitted in all the pleadings, save in the answer filed by the sheriff, that an indemnifying bond was given; and the sheriff, while perhaps denying the giving of notice, also asserts that it was not sufficient in form,

3. EXECUTION SALES: replevin of property. and did not comply with the statutes. The only claim made by defendants in their motion to direct a verdict was not that no notice had been given the officer, or that it was not sufficient in form or substance, but that plaintiff was estopped by the recitations therein from claiming absolute ownership of the property. This, of course, is not true as to defendant Noble, for it was not made for his

benefit. Indeed, he was not entitled to any notice whatever. And so we think the question as to the sheriff is not one of estoppel, but of the right of plaintiff to bring action without giving the sheriff proper notice. Although the sheriff may have sold the property to his codefendant, the execution plaintiff, before this action was commenced, we have nevertheless held that an action of replevin will lie against him where he sells after notice of ownership is given while he is yet in the possession of the property under his writ. *Hardy v. Moore,* 62 Iowa, 65. *Woodling v. Mitchell,* 127 Iowa, 262, does not, when properly analyzed, hold to the contrary. This suit was brought in the proper county; and the defendants were jointly liable under the facts disclosed. *Atwood v. Brown,* 72 Iowa, 723.

Plaintiff was not required to bring action on the indemnifying bond, but might institute proceedings to recover his property from the person then in possession. *Bradley v. Miller,* 100 Iowa, 169.

Misjoinder of parties or causes of action can only be raised by motion as provided in sections 3545–3549, inclusive, of the Code. Even if the question were properly raised, we think there was no misjoinder. No-

4. REPLEVIN: misjoinder of parties.

ble was undoubtedly in possession when the suit was brought, and the sheriff's liability was then established. But in any event, the trial court was not justified in directing a verdict for both defendants. The action of replevin would undoubtedly lie against the defendant Noble, and under our previous holdings it seems that it will also lie against the officer, although he may have disposed of the property after receiving notice of the plaintiff's ownership.

The trial court was in error in directing a verdict for the defendants, and the judgment must be, and is, *reversed.*