MOLLIE L. ABER v. T. TWICHELL.

Opinion filed April 2, 1908.

**Wrongful Attachment — Property of Third Person — Notice — Indemnity to Sheriff.**

1. The giving of the notice prescribed by section 6951, Rev. Codes 1905, is not necessary in cases where a sheriff attaches and sells property in the possession of and owned by a third person not named in the writ.

**Same — Notice of Claim — Waiver.**

2. The demand for and acceptance of an indemnity bond pursuant to a notice of claim to the property attached is a waiver of any defects in the notice.

**Trial — Motion for Directed Verdict by Both Parties.**

3. Where both parties make motions for a directed verdict, they are deemed to consent to a decision by the court of all questions as questions of law.

**Evidence — Bill of Sale.**

4. Evidence reviewed, and *held* to show a delivery of a bill of sale in accordance with the intention of the grantor.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Mollie L. Aber against T. Twichell, sheriff. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Turner & Wright,* for appellant.

Bill of sale to have effect must be delivered. Rev. Codes 1905, section 4957; McMain v. Comonow, 10 N. D. 340, 87 N. W. 8; Triber v. Beckwith, 30 Wis. 55, 11 Am. Rep. 546; Munroe v. Bowles, 54 L. R. A. 865.

The object of section 6951, Rev. Codes 1905, is the protection of the sheriff. Bradley v. Miller, 69 N. W. 426; Edson v. Newell, 14 Minn. 228 (Gil. 167); Barry v. McGrade, 14 Min. 163.

Under an allegation of performance of a condition, evidence of waiver is inadmissible. Murray v. Thiessen, 87 N. W. 672; Taylor v. Seymour, 6 Cal. 512.

*Barnett & Richardson* and *J. W. Tilly,* for respondent.

Section 6951, Rev. Codes 1905, is to enable the sheriff to procure statutory indemnity. Granning v. Swenson, 52 N. W. 30; Wood v. Matter, 92 N. W. 523.

If the notice enables the sheriff to procure indemnity, it is sufficient. Ledley v. Hays, 1 Cal. 160; Boulware v. Craddock, 30 Cal. 190; Wellman v. English, 38 Cal. 583; Kellogg v. Burr. 58 Pac. 306.

Intent of the grantor to divest himself of title is the test of delivery. 9 Am. & Eng. Enc. Law (2d Ed.) 154.

A properly executed instrument in possession of grantee is proof of delivery. 9 Enc. Law (2d Ed.) 1591.

Intent of parties to a sale and delivery is determined by their acts and surrounding circumstances. Gibbons v. Robinson, 29 N. W. 533; Ramsey & Gore Mfg. Co. v. Kelsea, 22 L. R. A. 415; Welch v. Spies, 72 N. W. 548; Chezum v. Parker, 54 Pac. 22.

MORGAN, C. J. The defendant, as sheriff, levied writs of attachment upon property claimed by the plaintiff as owner. The writs were levied in actions brought by the Bristol & Sweet Company and the Dowaigac Manufacturing Company against plaintiff's husband on an indebtedness due from him to said parties. This action is brought to recover damages by reason of the taking of what is claimed to be her property. A jury was impaneled, and at the close of the testimony, the trial court directed a verdict for the plaintiff on all questions, except as to the value of the property taken by each of such creditors. The defendant has appealed from the judgment entered in plaintiff's favor on the verdict.

The facts developed at the trial are substantially the following: The plaintiff claims to be the owner of the attached property by virtue of a bill of sale from her husband. He had been engaged in the harness and saddlery business in Fargo for several years prior to making said bill of sale to the plaintiff. On about August 15 or 16, 1904, the husband disappeared from Fargo, and had not returned when the trial was had. Just immediately prior to his disappearance he executed a bill of sale of his stock of goods to the plaintiff, and said bill of sale was delivered to her on the morning of August 16th by one Pearson, who had been an employe in the store. Neither Aber nor Pearson was a witness at the trial. The plaintiff had no knowledge of the execution of the bill of sale un-

til it was delivered to her. The husband was indebted to the plaintiff in the sum of about $1,500, money loaned by her to him to be used in the business. No fixed time was agreed on between them when it was to be paid back. She says it was to be repaid when the business would warrant or justify it. The consideration named in the bill of sale is $1,500. No understanding existed between her and Aber that she was to have a bill of sale executed to her, nor had she and her husband had any conversation on that subject. On the morning following Aber's disappearance, Pearson called at his home and informed Mrs. Aber that her husband had left town, and asked her to come to the store. She immediately went to the store, and, upon her arrival, Pearson handed her a sealed envelope, addressed to her, and in this envelope was the bill of sale. The envelope was in the safe just before Pearson handed it to the plaintiff. There is no direct evidence when the bill of sale was placed in the safe nor by whom, nor whether Pearson had ever seen or had it in his hands or custody before. The bill of sale was dated on August 15th. There is no direct evidence as to how the bill of sale came into Pearson's hands.

The defendant claims that the judgment should be reversed upon the following grounds: (1) That no delivery of the bill of sale to this plaintiff by the grantor therein is shown. (2) That the notice prescribed by section 6951, Rev. Codes 1905, was not served. (3) That it was prejudicially erroneous to admit in evidence the indemnity bond given by the attachment creditors to the sheriff.

Upon the first question, it seems evident that Pearson knew that the bill of sale was in the safe before plaintiff came to the store. From the circumstances under which he took it from the safe, it is a fair inference that he went to the safe for the purpose of handing the envelope to her, and that the finding of it in the safe at that time was not accidental. Appellant also claims that there is no proof that the bill of sale was delivered to Pearson for the purpose of delivery to this plaintiff. We think the circumstances warrant the conclusion that Aber delivered the bill of sale to Pearson, to be by him delivered to her. The evidence is undisputed that Aber was indebted to his wife, and that he executed the bill of sale just before his disappearance. Pearson knew that he had disappeared, and deemed it necessary that she should come to the store. Pearson had been the only person employed by Aber during

the preceding months. He was the only person, so far as the record shows, who was aware of Aber's disappearance. From these admitted facts, we think the inference a reasonable one that Aber delivered the bill of sale to Pearson with instructions to deliver it to his wife. Delivery of an instrument may be inferred from acts and circumstances. If there was an intention to deliver and a delivery followed by taking possession under the instrument, the title passes. 9 Am. & Eng. Enc. Law, p. 154, and cases cited. When the attachment writs were delivered, plaintiff was in actual possession of the store, and had been conducting the business personally for about two weeks.

It was claimed on the oral argument that the question whether there was a delivery of the bill of sale should have been submitted to the jury, and that it was error for the court to take that question from the jury. Both parties moved for a directed verdict, and both motions were before the court when the court granted plaintitff's motion. Under prior adjudications of this court in parallel cases, both parties waived the right to have any question submitted to the jury after the making of such motions, and are conclusively deemed to have consented that all questions should be decided by the court. Appellant attacks these prior decisions as not based on any sound principle of law or procedure. In this case the ruling is not assigned as error, and the matter was in no way called to the attention of the trial court. For this reason we shall not review these prior decisions in this case.

It is further contended that the plaintiff cannot in any event recover in this case, for the reason of failure to comply with the provisions of section 6951, Rev. Codes 1905, which reads as follows: "If any property levied upon by the sheriff by virtue of a warrant of attachment is claimed by any other person than the defendant and such person, his agent or attorney, makes affidavit of his title thereto or right to the possession thereof, stating the value thereof and the ground of such title or right, the sheriff may release such levy, unless the plaintiff on demand indemnifies the sheriff against such claim by an undertaking executed by a sufficient surety; and no claim to such property by any other person than the defendant shall be valid against the sheriff, unless so made; and notwithstanding such claim, when so made he may retain such property under levy a reasonable time to demand such indemnity." The notice was not verified. It stated the basis of plaintiff's title

to the property and right to its possession to be that she is the owner and had the legal title and possession thereof when attached by the sheriff. It was served on the sheriff. The complaint stated generally the giving of the notice to the sheriff that the property attached by him was owned by her and that the same "was wrong-fully and unlawfully attached by him," and demanded a return there-of to her. The section of the Code given above is similar in all respects to the Minnesota statute on the same subject. From an early time in that state it has been held that the section has no ap-plication to cases of tortious taking, and that it does not apply to cases where the property is taken from the actual possession of a person other than the defendant in the attachment suit, and the property is owned by him. It is also held in that state that the sec-tion was enacted for the benefit of the sheriff, in order that in case of a claim by other parties he might demand from the attaching plaintiff indemnity in case the claim by a third person should be held valid. The decisions in that state are to the effect that, when a sheriff attaches property not in the possession of the judgment debtor named in the writ and owned by that person, he is a tres-passer, and that no demand whatever is necessary. When the sheriff takes property from the possession of one not named in the writ, no notice is required, as the possession is sufficient notice to put him upon inquiry as to the rights to the property of the person in possession. Construing the section with a view to giving effect to the object intended to be gained by its enactment, we are satisfied that it was not intended to apply to cases where the prop-erty was taken from the possession of a person other than the one named in the writ and owned by him. In the Minnesota cases cited below this construction of a similar statute has been adhered to since the enactment of the statute. The following are a few of the cases giving a construction to Code provisions of like import and bearing upon the necessity of such notice and the waiver of giving it: Ledley v. Hays, 1 Cal. 160; Kellogg v. Burr, 126 Cal. 38, 58 Pac. 306; Padden v. Goldbaum (Cal.), 37 Pac. 759; Fuller Desk Co. v. McDade, 113 Cal. 360, 45 Pac. 694; Brenot v. Rob-inson, 108 Cal. 143, 41 Pac. 37; Moore v. Murdock, 26 Cal. 515; Richey v. Haley, 138 Cal. 441, 71 Pac. 499; Whitney v. Gam-mon, 103 Iowa, 363, 72 N. W. 551; Mitchell v. McLeod, 127 Iowa, 733, 104 N. W. 349; Barry v. McGrade, 14 Minn. 163 (Gil. 126); Butler v White, 25 Minn. 432; Lampson v. Brander, 28

Minn. 526, 11 N. W. 94; Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418; Granning v. Swenson, 49 Minn. 381, 52 N. W. 30; Carpenter v. Bodkin, 36 Minn. 183, 30 N. W. 453; Hazeltine v. Swensen, 38 Minn. 424, 38 N. W. 110; Schneider v. Anderson, 77 Minn. 124, 79 N. W. 603; Heberling v. Jaggar, 47 Minn. 70, 49 N. W. 396, 28 Am. St. Rep. 331; Wood v. Matter, 88 Minn. 123, 92 N. W. 523.

Conceding, however, that the section is applicable in cases where the taking is tortious and from the possession of the owner who is not a party named in the writ, still the direction of a verdict was proper in this case. The sheriff made no objections to the defects in the notice, and acted upon the notice by demanding an indemnity undertaking from the attaching plaintiffs. He availed himself of the protection intended to be given him by the enactment of the law, and can claim no injury by reason of the defects in the notice. The cases cited fully sustain the principle that even substantial defects in the notice are waived when the sheriff receives indemnity pursuant to the notice. This principle is not seriously combated by the appellant. His contention in reference thereto is that the waiver was not pleaded in the complaint, and cites Murray v. Thiessen, 114 Iowa, 657, 87 N. W. 672, as sustaining his contention. In Mitchell v. McLeod, supra, a contrary doctrine seems to be upheld in Iowa. Whether that is necessary in this state we do not determine, as the appellant made no sufficient objection to the introduction in evidence of the indemnity bond or the notice based on or covering that ground. The objection that was made was a general objection only. The objection, therefore, cannot be raised for the first time in this court. There was no error in admitting the indemnity bond in evidence under the circumstances.

No other question of pleading is raised by either party in this court, nor is the constitutionality of the statute raised. We do not mention these questions which have been raised in some cases, as our decision in this case would not be affected, even if such contentions were sustained.

The judgment is affirmed. All concur.