Lilly E. Probstfield v. William E. Hunt, as Sheriff of Cass County, North Dakota.

Opinion filed October 30, 1908.

**Attachment — Levy — Claims of Third Persons — Demand.**

1. No demand or verified claim of title and ownership of property by the owner is required under section 6951, Rev. Codes 1905, where the property of the wife levied upon under a warrant of attachment in an action against the husband is in the possession of a third person with whom it is stored in the name of the husband by the agent of the owner of a house which the husband had leased and lived in with his wife, and upon leaving the house unoccupied, and not paying the rent, the owner of the house had removed the property therefrom, and stored it with said third person.

**Same.**

2. Section 6951, Rev. Codes 1905, applies to cases where the property of a third person is levied on while in the possession of the defendant named in the writ under such circumstances as to raise a presumption that it is owned by him.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Lilly E. Probstfeld against William E. Hunt, Sheriff. Judgment for plaintiff, and defendant appals.

Affirmed.

*F. A. Ball* and *Turner & Wright,* for appellant.

A third person, claiming property taken under attachment, is limited for remedy to the mode ordained by statute. Barry v. McGrade, 14 Minn. 153; King v. Oiser, 4 Duer, 431.

Must show notice. Dodge v. Chandler, 9 Minn. 97; Barry v. McGrade, supra.

*M. A. Hildreth,* for respondent.

Affidavit of claim and demand for property attached are necessary only where it is in possession of defendant in the writ. Taylor v. Hanson, 8 N. W. 825; Barry v. McGrade, 14 Minn. 163; Ohlsen v. Manderfield, 10 N. W. 418.

Morgan, C. J. This is an action for damages on account of the alleged conversion of personal property consisting of household goods, furniture, cooking utensils, table and silverware, wearing

apparel, books, and other personal property, which property is alleged in the complaint to be the property of the plaintiff. The value of the property is alleged to be the sum of $650. Plaintiff demands judgment for said sum and interest from October 1, 1906, togther with costs and disbursements. The answer is, in part, a general denial, and the defendant also alleged as a justification for the taking of the property the following facts: That a judgment was rendered on the first day of October, 1906, in favor of Wasem & Gaard, who were plaintiffs in a certain action brought by them against one W. G. Probstfeld. That said plaintiffs Wasem & Gaard, had caused a writ of attachment to be issued in said action, and delivered the same to the defendant, who was sheriff of Cass county. That the defendant duly took possession of such property under and by virtue of said writ of attachment. Later an execution was issued upon said judgment and placed in the hands of the defendant for service. That the defendant thereupon levied upon the property which was in his possession by virtue of the levy under the said writ of attachment, and, after due notice as provided by law, sold said goods under said execution. The answer further alleges that during the time said goods were in the possession of the defendant neither the plaintiff nor any one in her behalf made any claim upon or demand for said property, nor did she or any any one in her behalf make an affidavit of her title to said property, or any part thereof, or her right to the possession thereof. A jury was impanelled at the trial, and after the taking of testimony on behalf of the plaintiff and defendant, and after both parties had rested, the court directed a verdict in favor of the plaintiff upon all the issues raised by the pleadings, except as to the value of the property, and as to that question the court submitted it to the jury. The jury found in favor of the plaintiff for the sum of $473.40. Judgment was rendered upon the verdict for said sum, and the defendant has appealed from such judgment, and has procured the settlement of a statement of the case.

The errors specified in the statement of the case are numerous, but in the brief the counsel for the appellant assigns but one error, and that is that no demand or affidavit of the title and ownership of the property was made or presented to the defendant by the plaintiff or her agent. It is the contention of the counsel for the appellant that the failure to make a claim of ownership and

title of the property is fatal to any recovery in this action, and he bases such contention upon section 6951, Revised Codes 1905, which reads as follows: "If any property levied upon by the sheriff by virtue of a warrant of attachment is claimed by any other person than the defendant, and such person, his agent or attorney, makes affidavit of his title thereto, •or right to the possession thereof, stating the value thereof and the ground of such title or right, the sheriff may release such levy, unless the plaintiff on demand indemnifies the sheriff against such claim by an under-taking executed by a sufficient surety; and no claim to such prop-erty by any other person than the defendant shall be valid unless so made; and notwithstanding such claim, when so made he may retain such property under levy a reasonable time to demand such indemnity." This section has been construed by this court in Aber v. Twitchell, 17 N. D. 229, 116 N. W. 95. , In that case the section was construed as follows: "When the sheriff takes property from the possession of one not named in the writ, no notice is required, as the possession is sufficient. notice to put him upon inquiry as to the right to the property of the person in possession. Construing the section with a view to giving effect to the object intended to be gained by its enactment, we are satisfied that it was not intended to apply to cases where the property was taken from the possession of a person other than the one named in the writ and owned by him." In that case we followed the construction placed by the supreme court of Minnesota upon a statute substantially identical with this statute. The cases bearing upon the question decided by the California, Iowa, and Minnesota courts are collected in that opinion. The decisive question in this case, therefore, is: In whose possession was the property when levied upon by the sher-iff under the writ of attachment on October 1, 1906? The evi-dence shows that the owner of the property was the plaintiff in this case, and that it had been used by her husband and herself in their home in a rented house; that they were not at the time of the levy, and for some time prior thereto had not been, occupying this house, and the house had been left closed and unoccupied since April, 1906; that the husband had not kept up the payment of the rent for the house; that the agent of the owner of the house, without the knowledge or consent of Probstfeld or this plaintiff, entered the house and caused the furniture and all the property described in the complaint to be removed therefrom and stored in

the warehouse of Young & Co., at Fargo, in the name of W. G. Probstfield, the husband; that neither the plaintiff nor her husband was aware of the removal of the property from the house until about August 1, 1906. We are satisfied that the property was not in the possession of the defendant named in the writ of attachment after it had been stored in the warehouse of Young & Co., even if it be conceded that it was in his possession before that time. The mere fact that Lane took a receipt in the name of Probstfeld does not show the possession in him at the date of the levy. We think the statute should be construed as applying to such cases of possession by the defendant named in the writ, or his authorized agent, as shows the control of the property to be in either the defendant or such agent. In this case the husband, who was the defendant named in the writ, did not have control of the property and could not have taken possession of it without Young & Co.'s consent. He was therefore not in possession of the property when the levy was made under the attachment. The statute does not, therefore, apply to this case, and no verified claim to the property was required. The possession of Young & Co. would create no presumption of ownership by W. G. Probstfield. The property was not levied on while in the possession of the defendant in the attachment action, and the levy of the attachment writ was wrongful.

Following the principle laid down in Aber v. Twitchell, supra, the judgment is affirmed.